KEITH, Circuit Judge.
 

 Plaintiff-Appellant, Aida Rosinski d/b/a New Caravan Garden Bar, appeals from an order of December 7, 1983, 35 B.R. 406, issued by- the United States District Court for the Eastern District of Michigan, upholding a ruling by Bankruptcy Judge Ray R. Graves. Judge Graves had denied debt- or’s petition to amend her schedule of assets and liabilities to include the claim of Willard Boyd as a dischargeable debt. For the reasons set forth below we reverse and remahd to the District Court to order the Bankruptcy Court to allow Ms. Rosinski to amend her schedule of liabilities and assets to include, the debt to Willard Boyd.
 

 I. Facts.
 

 Appellant Rosinski executed a security agreement and a promissory note with Arnold Boyd, who resided in Detroit, and his brother Willard Boyd, a resident of Florida. The property subject to the agreement was a bar known as “Caravan Gardens” located in Detroit. Ms. Rosinski defaulted on her loan, thus prompting Arnold Bóyd to pursue a collection action in Wayne County Circuit Court. Ms. Rosinski subsequently filed a Chapter 7 petition for relief in bankruptcy on January 14, 1982.
 

 Following the filing of the Petition for Relief Arnold Boyd died and on March 22, the debtor was relieved of all dischargeable debts. While Willard Boyd was in Michigan for the funeral he contacted Arnold’s attorney, requesting information on the Wayne County collection action. This contact occurred on or after January 23, 1982. On October 5, 1982, Willard Boyd commenced an action in Circuit Court seeking a return of his secured property and a deficiency judgment on the unsecured debt. Immediately following service on Ms. Ros-inski, she filed a Motion for an Order to Show Cause why Willard Boyd should not be held in contempt of court because of his conduct in bringing the collection action thereby failing to comply with 11 U.S.C. § 524 and the discharge order of March 22. Debtor filed the motion with the Bankruptcy Court and obtained an Order to Show Cause dated November 22, 1982 from Judge Graves.
 

 A hearing on the Order to Show Cause was held on April 14, 1983. At this hearing, Ms. Rosinski argued that Willard Boyd had received sufficient notice. After hearing testimony, including that of Willard Boyd detailing his business relationship with his brother and the extent to which he had received notice of the bankruptcy, Judge Graves found that Willard Boyd had not received adequate notice. The Bankruptcy Court then dissolved the Order to Show Cause.
 

 On March 31, 1983 debtor filed a petition to amend the schedule of assets and liabilities to include the debt owed to Willard Boyd. On April 14, 1983 debtor’s attorney received a notice of hearing and objections to the petition to amend. A hearing on the motion to amend was held on May 24,1983. At the hearing, debtor again attempted to argue that Willard Boyd had received adequate notice. Judge Graves ruled that the matter of notice had already been decided at the April 14 hearing, and that the debtor was precluded from rearguing the issue. Judge Graves went on to rule that the motion to amend was not brought in timely fashion, and that the equities of the situation dictated that amendment should not be allowed. For those reasons, Judge Graves issued an order dated June 6, 1983 denying debtor’s petition to amend her schedule.
 

 Debtor then took this appeal to the United States District Court for the Eastern District of Michigan, Chief Judge John Feikens presiding. On December 7, 1983, the District Court upheld the Bankruptcy Court whereupon the debtor filed a timely appeal to this Court.
 

 II. Standard of Review
 

 The debtor essentially asks this Court to find that the Bankruptcy Court committed reversible error in denying her petition to amend the schedule of assets and liabilities. It is well settled that decisions as to whether to reopen bankruptcy cases and allow amendment of schedules
 
 *541
 
 are committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion.
 
 In re Jones,
 
 490 F.2d 452 (5th Cir.1974).
 
 See also In re Lorenzen,
 
 21 B.R. 129, 130 (Bkrtcy.N.D.Oh.1982). A further clarification of the standard of review was offered by the District Court which, after a discussion of whether Emergency Interim Rules adopted by the district court below were applicable, correctly acknowledged the vitality of the new rules of bankruptcy which became effective on August 1,1983. Bankruptcy rule 8013 imposes the clearly erroneous standard of review on findings of fact made by the Bankruptcy Court. Specifically the rule provides:
 

 On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court’s judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.
 

 See also In re Morrissey, 717
 
 F.2d 100, 104 (3d Cir.1983).
 

 III. Notice
 

 During the proceedings below and in the brief on appeal, the parties focused on notice as the key issue. Both Judge Feikens and Judge Graves relied on the factual findings of lack of notice to prevent Ms. Rosinski from amending her schedule of assets and liabilities to include the claim of Willard Boyd. The courts below implicitly held that Ms. Rosinski had no right to amend her schedule of assets and liabilities in order to include Willard Boyd among the dischargeable debtors because she had failed to give him adequate notice. Given the applicable standard of review, Judge Graves’ factual findings including the holding that Willard Boyd did not receive adequate notice must stand. However, we are persuaded from the appellant's oral argument on recent case law that harm to the creditor rather than notice is the key issue here.
 

 IV. The Petition to Amend
 

 Under current law, Ms. Rosinski may be prevented from amending her schedule only if her failure to include the creditor on the original schedule can be shown to have prejudiced him in some way or to have been part of a scheme of fraud or intentional design.
 
 Stark v. St. Mary’s Hospital (Matter of Stark), 717
 
 F.2d 322 (7th Cir.1983);
 
 In re Meile,
 
 36 B.R. 719, 720 (Bkrtcy.S.D.Ill.1984). Thus the key inquiry is whether Ms. Rosinski’s failure to include Willard Boyd on the original schedule of assets and liabilities has deprived him of remedies available under the Bankruptcy Code or whether there was evidence that the exclusion was fraudulent or intentional.
 

 Of recent cases dealing with these issues
 
 Stark v. St. Mary’s Hospital
 
 most closely parallels the case at bar. In
 
 Stark,
 
 the debtors had filed a joint bankruptcy petition and had been granted a discharge. The Starks failed to include a debt to St. Mary’s Hospital on their bankruptcy schedules because they had health insurance which they presumed would cover the bill. After the hospital filed suit and obtained a judgment, the Starks filed a motion for relief with the Bankruptcy Court seeking to reopen their estate in order to add, and subsequently discharge, the hospital's debt. The bankruptcy court denied the motion. On appeal, the United States District Court for the Central District of Illinois, reversed the decision and allowed the reopening of the estate. The district court was then upheld by the Seventh Circuit.
 

 Like the case at bar, the key inquiry in
 
 Stark
 
 involved whether the creditor had been harmed by being excluded from the bankruptcy schedules and whether or not the omission was due to fraud or intentional design. In
 
 Stark,
 
 the Seventh Circuit specifically found that:
 

 ... In a no-asset bankruptcy where notice has been given pursuant to Rule 203(b), a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design. In this case the creditor has not been
 
 *542
 
 harmed in any way, and the debtors have not be required to forfeit any of their benefits under the Bankruptcy Code.
 

 Stark,
 
 717 F.2d at 324. Though there was no factual finding that there was adequate notice given in the case at bar, Ms. Rosin-ski, 'like the Starks, does not possess assets subject to the claims of creditors, thus making it unnecessary to file a claim unless additional assets are discovered. If assets are found and a payment of dividends appears possible, creditors are to be notified and granted a reasonable time to file their claims.
 
 In Matter of Zablocki,
 
 36 B.R. 779, 781-82 (Bkrtcy.D.Conn.1984);
 
 Stark,
 
 717 F.2d at 324; Bkrtcy. Rule 3002(c)(5).
 

 In the case at bar, it is clear that there are no assets from which creditors may be paid dividends and there is no prejudice to Willard Boyd with respect to relief available to him under the law. Though he did not receive any earlier notice, Willard Boyd has not lost his opportunity to file a proof of claim sufficient for him to share equally with creditors who were initially scheduled.
 
 In Matter of Zablocki,
 
 36 B.R. 779 (Bkrtcy.D.Conn.1984) 779 citing
 
 Stark,
 
 717 F.2d at 324. Though creditors have a right to timely file a claim, the
 
 Stark
 
 Court found as a matter of law that a debtor’s right to reopen a case in order to obtain a discharge of a debt is paramount under the Bankruptcy Code.
 

 We agree with the Seventh Circuit’s finding in
 
 Stark.
 
 Under the Code, only the creditors’ rights to participate in a dividend and to obtain a determination of discharge-ability are of such importance that their lost mandates exception of a late scheduled debt from discharge.
 
 In Matter of Zablocki,
 
 36 B.R. at 783. In the case at bar, allowing amendment of a schedule to discharge Willard Boyd’s debt does not negatively affect either of those rights. His claim is clearly dischargeable and he retains the right to file a claim for any future assets that might be discovered.
 

 Though amendments to schedules are generally to be granted liberally, Ms. Ros-inski must advance some justification for the reopening sufficient to show that she did not intentionally or recklessly avoid listing the debt.
 
 In the Matter of Davidson,
 
 36 B.R. 539, 543 (Bkrtcy.D.N.J.1983). Ms. Rosinski had a legitimate reason for assuming Willard Boyd had received notice. On appeal, Ms. Rosinski’s attorney asserted that the debtor felt notice had been given to Willard Boyd because Arnold Boyd’s attorney had told Ms. Rosinski that he was representing Arnold and Willard Boyd. Even without such a statement, the familial relationship between Arnold and Willard and Willard’s statements that Arnold handled all business affairs regarding the secured property in Detroit is sufficient for the Debtor to have reasonably assumed that Willard Boyd had received notice. Jt. App. at 21, 24. At the very least, Ms. Rosinski did not engage in fraud or a scheme in omitting Willard Boyd from the schedule. Furthermore, Mr. Boyd is not prejudiced in any way by his omission from the schedule.
 

 Accordingly, we reverse and remand to the District Court with instructions to remand to the Bankruptcy Court to allow Ms. Rosinski to amend her schedule of assets and liabilities.