**In re Clarence Lee HAYES, Wanda Lois Hayes, Debtors.**

**Bankruptcy No. 48400115.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 27, 1985.

Sandra Freeburger, Sebree, Ky., Thomas Meyer, Owensboro, Ky., for debtors.

Al Miller, Central City, Ky., for creditor.

Russ Wilkey, Owensboro, Ky., Trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Here the debtors move to reopen their bankruptcy petition to list an omitted creditor and thereby avoid a cruel irony; this one error, if left uncorrected, would thwart the singular purpose of the bankruptcy. We will allow the reopening as a matter of what a recent and controlling case has called a "paramount right" under the Bankruptcy Code.

An automobile accident case against the debtors in 1982 resulted in a judgment against them in the amount of $6,868. Under Kentucky's financial responsibility law, an unsatisfied judgment of this sort is grounds for driver's license revocation. The judgment remained unpaid and in February, 1984, the Kentucky Department of Transportation informed Clarence Hayes, who drives a truck in his work, of the pending license revocation.

Mr. and Mrs. Hayes filed bankruptcy on April 12, 1984. Their petition lists ordinary consumer debts small in amount, with the

exception of the judgment debt of $6,868, in connection with which the name of the creditor is incorrectly given as "Muhlenberg Circuit Clerk". In the accompanying Statement of Affairs the debtors reported the existence of the judgment debt, but nowhere in the petition did they list the names and addresses of the judgment creditors, Rose, John and Mary Bratcher and the Farm Bureau Insurance Company.

The trustee in the Hayes bankruptcy case filed a "no asset" report, informing creditors that no property would be available for distribution, and Mr. and Mrs. Hayes were granted their discharge in September, 1984.

In May, 1985, the debtors moved to reopen their petition to correctly list the judgment creditors and obtain discharge of that debt. The creditors objected and the present action ensued. The question of whether the creditors had actual notice of the bankruptcy was the subject of a court hearing in the Owensboro Division. Our disposition of the case renders unnecessary any consideration of the fact question of actual notice.

\*     \*     \*

█ Section 350(b) of the Bankruptcy Code provides that "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor." It is a settled principle of bankruptcy law that questions of whether to reopen cases to allow the listing of omitted creditors are within the sound discretion of the bankruptcy judge.[1] Not only is broad judicial discretion sanctioned, but the debtor's application for such relief is given an exalted station: As the U.S. Sixth Circuit Court of Appeals put it in a recent case, "a debtor's right to reopen a case in order to obtain a discharge of a debt is paramount under the Bankruptcy Code."[2]

The central issue is "whether [the debtors'] failure to include [the objecting creditors] on the original schedule of assets and liabilities has deprived [the creditors] of remedies available under the Bankruptcy Code or whether there was evidence that the exclusion was fraudulent or intentional".[3]

█ In the case at bar, there are no assets available for distribution to the unsecured creditors. Even assuming that neither the Bratchers nor their insurer received notice of the debtor's bankruptcy prior to the motion to reopen, they have not been prejudiced by denial of the opportunity to file proofs of claim, since there were no assets from which unsecured creditors could receive a dividend. Further, allowing amendment of the debtors' schedules to discharge the debt to the Bratchers and their insurer does not negatively affect their rights as creditors, since their claim against the debtors is apparently a dischargeable one.

Although we see no harm to these creditors by the debtor's failure to include them in the bankruptcy schedules, under the rule announced in *In re Rosinski*, quoted above, the debtor still must "advance some justification for the reopening sufficient to show that [they] did not intentionally or recklessly avoid listing the debt."[4] More simply stated, the debtor must show that it had a good faith reason for failing to list the creditor on their schedules.

Here the debtors had a legitimate, if mistaken, reason for not including the Bratchers or their insurer as creditors. The debt was actually scheduled, but the creditor was listed as the "Muhlenberg Circuit Court." The debtors apparently believed that the court clerk would relay this information to appropriate parties, including the creditors.[5] Although this belief

1. *In re Rosinski,* 759 F.2d 539 (6th Cir.1985).

2. *In re Rosinski,* supra note 1; *In re Jones,* 490 F.2d 452 (5th Cir.1974).

3. *In re Rosinski,* supra note 1, 759 F.2d at 542.

4. *Id.*

5. The major reason the debtors filed for bankruptcy was to allow Clarence Lee Hayes to retain his Kentucky drivers license. In order for Mr. Hayes to regain his license, the Kentucky Department of Transportation would have to receive notification from the Muhlenberg Circuit Court that the judgment against Mr. Hayes had been satisfied by either full payment or his

was erroneous it was clearly not unreasonable. There is no evidence which suggests that the debtor's omission of these creditors was in any way part of a scheme to defraud or prejudice those parties.

By separate order we will grant the debtors' motion to reopen this case and correct their schedules to show the Bratchers and the Farm Bureau Mutual Insurance Company as the proper creditors on the $6868.54 judgment debt listed in their schedules.

Basic fairness requires that with the case reopened, these creditors should have the same amount of time within which to assert a claim of nondischargeability they would have had upon receipt of timely actual notice. In the case at hand that time interval was 85 days. Accordingly, these creditors are permitted until February 20, 1986, within which to assert any such claims. Our order will so provide.

bankruptcy. The evidence shows that the debtors sincerely and reasonably believed that the Muhlenberg Circuit Court would inform the objecting creditors, as well as the Kentucky Department of Transportation, of the debtor's bankruptcy.