**In re Carroll Frederick HARPER fdba: Arco Products Company, Inc. fdba: Word Data Processing, Debtor.**

Bankruptcy No. 2–82–01232.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 9, 1987.

Stephen E. Schafer, Columbus, Ohio, for debtor.

Carroll Frederick Harper, pro se.

William D. Meagher, II, Hite and Hite, Utica, Ohio, for Hite and Hite.

Thomas C. Scott, Thompson, Hine & Flory, Columbus, Ohio, trustee.

## ORDER DENYING MOTION TO REOPEN CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion seeking to reopen this case and for an expedited hearing on that request. The request to reopen the case, filed on behalf of debtor Carroll Frederick Harper, was opposed by Hite and Hite, attorneys-at-law ("Hite"), the creditor against whom the debtor's motion seeks relief. The matter was heard by the Court following a 10-day telephone and mail notice to both parties.

The debtor filed his bankruptcy petition under the provisions of Chapter 7 of the Bankruptcy Code on April 1, 1982, and his discharge was granted by the Court on June 8, 1982. On June 10, 1986 the trustee in that case filed a final report and account indicating that there were no assets, and on August 20, 1986 the Court approved that report and closed the case. On October 22, 1986 the debtor filed his motion seeking to reopen his bankruptcy case for the purpose of adding his obligation to Hite to his schedule of liabilities. That motion asserted that the debtor's failure to previously include Hite was inadvertent and resulted from ignorance of the obligation rather than from any intention to defraud the creditor. It is uncontested that Hite was not listed on the original schedule of liabilities filed by the debtor in his case and was not added to that schedule as a creditor or for notice purposes prior to the closing of the case in August of 1986.

The liability to Hite, which was contingent and unliquidated at the time of the 1982 bankruptcy filing, arises from an agreement between Hite and the debtor's unincorporated business known as Word Data Processing. That agreement, which can be characterized as a repurchase/price guaranty arrangement, related to certain office equipment leased to Hite by the First National Bank of Newark, now known as BancOhio National Bank ("BancOhio"). Specifically, the agreement provided that if Hite paid out its sixty-month lease to BancOhio, the debtor would acquire title to the leased equipment and sell it to Hite for the lesser of $50.00 or the then fair market value of the equipment. The lease with BancOhio was still being paid by Hite according to its terms when the debtor's bankruptcy case was filed in 1982.

The lease between Hite and BancOhio terminated under its terms on November 15, 1983. In late 1983 or early 1984 Hite twice contacted the debtor regarding his obligation under the repurchase/price guaranty agreement. Upon reaffirmation by the debtor of that agreement and of his intention to honor the resulting obligation, Hite proceeded to purchase the equipment under the terms of its lease with BancOhio with the intention of looking to the debtor for reimbursement of that expense under the terms of the repurchase/price guaranty agreement. That purchase was accomplished by a check dated January 10, 1984 from Hite to BancOhio Leasing Company in the amount of $3,408.17.

Despite his representations, the debtor never honored his agreement that Hite's maximum expenditure to acquire the equipment would be $50 or less. Based upon that agreement, however, on March 20, 1986, Hite obtained a default judgment against the debtor in the Licking County Municipal Court for the sum of $3,358.17, representing the $3,408.17 sale price minus Hite's $50 obligation under its agreement with the debtor, plus interest at 10% from January 10, 1984 and costs of $30.74. Hite then arranged for a judgment debtor examination at which the debtor was to appear and be examined by Hite. On October 22, 1986, the day of the scheduled examination, the debtor's attorney informed Hite, for the first time, that the debtor had a previous bankruptcy case, that a motion to reopen that case was being filed, and that the debtor believed the scheduled examination was thereby stayed.

Reopening a closed bankruptcy case is governed by 11 U.S.C. § 350(b) which provides that:

> (b) A case may be reopened in the court in which such case was closed to administer assets, *to accord relief to the debtor,* or for other cause." (Emphasis added).

The relief to a debtor contemplated by reopening a case includes a presumed discharge of the obligation sought to be added, absent proof of grounds pursuant to 11 U.S.C. § 523(a) to prevent such discharge. Indeed, the debtor does not dispute that his right to discharge his obligation to Hite, should his case be reopened and Hite added as a creditor, is subject to this Court's determination of the dischargeability of the obligation pursuant to 11 U.S.C. § 523(a), if such determination is sought and the time bar issue can be resolved.

The most recent controlling authority relating to the relief sought by the debtor is *Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539 (6th Cir.1985). The *Rosinski* court held that "harm to the creditor rather than notice is the key issue here." In this circumstance the bankruptcy court is also to consider whether the omission was due to "fraud or intentional design." *Rosinski* at 541. The *Rosinski* court further adopted the reasoning of *Stark v. St. Mary's Hospital (In the Matter of Stark),* 717 F.2d 322 (7th Cir.1983) in which the 7th Circuit Court of Appeals specifically found that the creditor sought to be added had not been harmed by the debtor's omission of it from the original bankruptcy schedules. In both *Rosinski* and *Stark* the debts sought to be added were clearly dischargeable, notices to scheduled creditors had indicated that a bar date for filing claims would be set at a later time should assets be found, and the cases were closed as no-asset bankruptcies. Further, no legally significant evidence of harm to the creditors sought to be added existed in either case other than the potential discharge of the obligations.

Despite language in *Rosinski, supra,* at 542, recognizing the paramount right of a debtor to discharge all possible obligations absent prejudice to a creditor's right to share in a distribution or obtain a determination of the dischargeability of its obligation, this Court does not believe the *Rosinski* court intended to foreclose a creditor's ability to show prejudice which might be sufficient to deny a request for reopening, but which might be of a nature different from that required for nondischargeability as set forth in § 523(a) of the Bankruptcy Code. See *In re Blossom,* 57 B.R. 85 (Bankr.N.D.Ohio 1986).

Hite has credibly testified that, given the mechanical problems existing in the word processing equipment it had been leasing, the age of the equipment and the cost of comparable replacement equipment, it would not have elected to purchase this particular equipment from BancOhio had not the debtor been obligated to reimburse Hite for all but $50 of such expenditure. While the issue is not now before this Court as to whether the debtor could have added Hite to its still pending bankruptcy case at the time the obligation to Hite became liquidated, it is clear that the debtor's failure to inform Hite of his pending bankruptcy at the time Hite communicated its decision to purchase the equipment and assert the terms of the repurchase/price guaranty agreement caused Hite to incur liability it would not have incurred had the fact of the pending bankruptcy been known. It would be highly inequitable for the debtor, at this date some four years later, to nullify rights exercised by the creditor in good faith when the power to avoid that result was within the debtor's grasp.

The Court finds that Hite has been prejudiced by the debtor's pattern of withholding information regarding his bankruptcy and that the debtor, who could have prevented such inequity by disclosing his pending bankruptcy, chose, either inadvertently or intentionally, not to make that disclosure on several occasions. Based upon those conclusions, the Court finds that it would be inequitable to reopen this bankruptcy case to permit the debtor to schedule and attempt to discharge this obligation. The debtor has failed to advance sufficient justification for the requested reopening given

the facts of this case, and the Court, therefore, declines to exercise its discretionary equitable powers in favor of reopening.

Based upon the foregoing, the debtor's motion to reopen this case should be, and the same is, hereby OVERRULED. In arriving at this decision, testimony relating to the 1978 negotiations between Hite and the debtor was excluded, but testimony regarding actions of the Hite partnership during the time witness Gustafson was a member partner was admitted. The letter attached to Hite's exhibit # 2 was excluded.

IT IS SO ORDERED.