**In re Robert Wayne BALDWIN, Debtor.**

**Bankruptcy No. 84–00837.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 1, 1987.

David A. Hyman, Paulding, Ohio, for movants.

Peter G. Overstreet, UAW–GM Legal Services Plan, Defiance, Ohio, for Robert Baldwin.

Philip R. Joelson, Toledo, Ohio, Trustee.

## OPINION AND ORDER DENYING MOTION TO VACATE ORDER REOPENING DEBTORS' CASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon movants Paul and Carolyn Workman's motion to vacate this court's order dated September 26, 1986 reopening Debtor's bankruptcy case in order to include movants as creditors. Upon consideration of the testimony, stipulations and oral arguments of the parties, the court finds that movants' motion is not well taken and should be denied.

### FACTS

On May 17, 1984, Debtor Robert Wayne Baldwin (hereinafter "Debtor Robert") and his former wife, Paula Jean Baldwin, now Paula Jean Riggenbach (hereinafter "Debtor Paula"), filed their voluntary bankruptcy petition under chapter 7 of the bankruptcy code. Debtors were discharged and their no asset case closed on August 28, 1984. Debtor Robert moved to reopen his bankruptcy case on September 11, 1986, in order to include movants, his former wife's parents, as creditors. No objection to Debtor Robert's motion was filed. This court, therefore, granted Debtor Robert's motion

to reopen his bankruptcy case on September 26, 1986.

On October 3, 1986, movants filed the instant motion to vacate the September 26, 1986 order for the reasons that they did not receive notice of the filing of Debtor Robert's motion to reopen and that Debtor Paula would not have agreed to the bankruptcy petition had she realized the legal liability of her parents. The debt in issue is evidenced by a document entitled "Note and Security Agreement" dated June 9, 1978 and executed by Debtor Robert, Debtor Paula and movants. Debtors also gave a mortgage on their personal residence to secure the debt. This debt was listed on the original petition, Schedule A–2, naming Maumee Valley National Bank of Paulding, the original party to the transaction. Testimony at the hearing indicated that Maumee Valley National Bank was successor to National Bank of Paulding, the original party to the transaction.

On April 12, 1984, Home Saving and Loan Association instituted a state court action against Debtors to foreclose on its mortgage on the same real estate upon which National Bank of Paulding held a mortgage. Pursuant to court order, the real estate was subsequently sold at sheriff's sale. Toledo Trust, successor in interest to Maumee Valley National Bank and National Bank of Paulding, filed a complaint against movants on May 7, 1985, as the sheriff's sale did not realize sufficient funds to pay both mortgages. *Toledo Trust v. Paul Workman and Carolyn Workman*, No. CI 85–108 (C.P. Paulding County, Ohio filed May 7, 1985). As a result of that action, movants filed a third party complaint against Debtor Robert, which action prompted Debtor Robert's motion to reopen.

## DISCUSSION

11 U.S.C. § 350(b) permits the court to reopen a case "to administer assets, to accord relief to the Debtor, or for other cause." Bankruptcy Rule 5010 permits the reopening of a case on motion of the Debtor. Debtor Robert properly filed his motion to reopen. Therefore, this court may

reopen Debtor Robert's bankruptcy case in order to accord relief to Debtor.

The Sixth Circuit in *In re Rosinski*, 759 F.2d 539 (6th Cir.1985), stated that the key inquiry for determining if a Debtor may reopen his bankruptcy case and amend his schedule of liability is whether a creditor has been harmed by being excluded and whether the omission was due to fraud or intentional design. *Id.* at 541. Because the Rosinski estate represented a no asset case, the court found no prejudice resulted to the omitted creditor as no assets from which a dividend could be paid existed. Therefore, the omitted creditor was not denied relief available to him. *Id.* at 542.

At the outset, it is noted that movants make no claim of intentional or fraudulent omission. It is also noted that Debtors Robert and Paula relied on their attorneys in preparing their bankruptcy petition. The only claim made by movants is that prejudice has resulted from the omission. Specifically, movants claim they were prejudiced by the omission as they were not, therefore, on notice that they had an interest to protect. Movants contend that had they been on notice they would have protected themselves from the pending state court action, as a result of their co-signing of the note, by bidding at the sheriff's sale of Debtors' property. Movants also allege prejudice has resulted as attorney fees have been incurred in defending against this action.

Debtor Robert's case was a no asset case. No assets were available from which movants could have shared in a dividend. There is, therefore, no prejudice to movants with regard to relief available to them under the law.

Under the Code, only the creditors' rights to participate in a dividend and to obtain a determination of dischargeability are of such importance that their loss mandates exception of a late scheduled debt from discharge.

*Rosinski*, 759 F.2d at 542 (citation omitted). If assets are discovered at a later date, movants will be notified and may, at that time, file a proof of claim allowing them to

share in a dividend. Additionally, the *Rosinski* court stated that:

> though creditors have a right to timely file a claim, the *Stark* court found as a matter of law that a Debtor's right to reopen a case in order to obtain a discharge of a debt is paramount under the bankruptcy code.

*Rosinski*, 759 F.2d at 542 (following *Matter of Stark*, 717 F.2d 322 (7th Cir.1983)). Furthermore, the granting of Debtor Robert's motion to reopen is within this court's discretion and will not be set aside absent an abuse of discretion. *Rosinski*, 759 F.2d at 541 (citations omitted).

First, movants contend that they did not receive notice of the bankruptcy filing. However, Debtor Robert testified that, at the time of the parties' divorce, they were advised to file bankruptcy. Debtor Robert further stated that movant Paul Workman was present during that discussion. Furthermore, Debtor Paula is the daughter of movants. The familial relationship between Debtor Paula and movants is sufficient for Debtor Robert to have reasonably assumed movants had notice of Debtors' bankruptcy case. *See Rosinski*, 759 F.2d at 542. The court finds, then, that movants received adequate notice of the bankruptcy filing.

Second, movants contend that they were prejudiced by the omission as they could have bid at the sheriff's sale of the real estate assuring sale of that property at its fair market value. Movant Paul Workman, testifying on behalf of movants, stated that they attended the sheriff's sale and that if they knew they had co-signed Debtors' note and were subject to any deficiency thereon, they would have bid on that property. Movant testified that they signed the note and security agreement under the mistaken belief that it was a credit application for their daughter Debtor Paula. However, movant also testified that they told Debtor Paula that if necessary they would co-sign in order for her to obtain a loan. Movants were aware that the loan was to enable Debtors to remodel their garage and open a beauty salon. Thus, it is apparent that movants should have been aware that they could be subject to a state court action in the event of Debtors' default as a result of their co-signing of the note. The default became obvious upon Debtor's filing of their bankruptcy petition. The prejudice claimed by movants is not sufficient for this court to vacate its order reopening this case.

Movants contend that prejudice also resulted as attorney fees have been incurred in defending the state court action instituted by Toledo Trust. Creditor in *Rosinski* had also incurred attorney fees as a result of commencing a state court action to collect a deficiency judgment. The Sixth Circuit did not address this issue and, as such, did not consider attorney fees sufficient prejudice to merit denial of Debtor's motion to reopen her case. Furthermore, allowance of attorney fees in the instant situation is also unjustified as movants were on notice of the bankruptcy filing as a result of the familial relationship with Debtor Paula, the remodeling of Debtors' residence and execution of the note and security agreement allowing Debtors to obtain the loan. Thus, movants' allegation of prejudice with regard to attorney fees is without merit.

In light of the foregoing, it is therefore

ORDERED that movants Paul and Carolyn Workman's motion to vacate order reopening Robert Wayne Baldwin's case be, and it hereby is, denied. It is further

ORDERED that movants Paul and Carolyn Workman be, and they hereby are, granted 30 days from the date of this order to file an adversary complaint to determine dischargeability. If no complaint is filed within said 30 day period, this case shall be closed.