**In re Michael C. SOULT, D.M.D., Debtor.**

**Bankruptcy No. 2–83–00564.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 20, 1988.

Judith D. Moss, White Rankin, Co., L.P.A., Columbus, Ohio, for debtor.

Mark S. Coco, Harvey S. Minton, Columbus, Ohio, for William C. Maddox, D.D.S.

OPINION AND ORDER GRANTING MOTION FOR EXPEDITED DECISION AND DENYING MOTION TO RECONSIDER REOPENING OF CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a contested motion filed by creditor, William

Maddox, requesting this Court to reconsider its order reopening this case. The debtor, Michael Soult, also moved for an expedited decision. An evidentiary hearing was held on both motions on April 26, 1988.

The Court has jurisdiction of this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## PRELIMINARY MATTERS

The debtor filed a Chapter 7 bankruptcy case on February 24, 1983, but failed to list in his schedule of debts an obligation to Maddox arising from the purchase of a dental practice. Two subsequent amendments to the schedule of liabilities also failed to list the obligation to Maddox. Apparently Maddox's name appeared on the mailing matrix submitted with the petition, but because it was not listed in the schedules, the Bankruptcy Clerk's staff deleted the name from the mailing matrix to conform it to the official schedules.

The initial notice mailed to parties in interest by the Clerk specified a date thirty (30) days after April 5, 1983, by which complaints must be filed to object to the debtor's discharge or except a specific obligation from the operation of the discharge pursuant to 11 U.S.C. § 523(c). That notice also required creditors to file proofs of claim within six months of April 5, 1983 to share in any funds to be distributed from this estate, "except as otherwise provided by law in special circumstances."

On May 10, 1983, the debtor was granted a discharge in bankruptcy. Three years later, on September 29, 1987, the trustee for the bankruptcy estate filed his final report indicating that no assets were available for distribution to creditors. That final report was approved by the Court and the case was closed as a no-asset case shortly thereafter.

On February 29, 1988, the debtor filed a motion requesting the Court to reopen his case to permit him to add Maddox as an unsecured creditor. That request was inadvertently granted by the Court on March 11, 1988, prior to the expiration of the notice period. The motion now under consideration is to determine whether that order should remain or should be vacated as not only premature, but unfounded under the circumstances.

## FINDINGS OF FACT

Based upon the testimony of George Henry, the attorney representing the debtor at the time the bankruptcy petition and schedules were filed, the Court finds that the debtor provided Henry a list of obligations which included the debt to Maddox. Henry's staff prepared the schedules, but inadvertently omitted the obligation to Maddox from the list of liabilities.

The Court further finds that Henry contacted Maddox either before or after the bankruptcy petition was filed and notified him either that a bankruptcy case was imminent or had been commenced by Soult. Because Henry was candid about his uncertainty about the date on which he had contacted Maddox, the Court cannot find as a matter of fact that such notice post-dated the bankruptcy filing. As pre-petition notice would not be actual notice of a pending bankruptcy case, notice to Maddox within the claims or dischargeability period was not established. It is uncontested that Maddox contacted the debtor in August, 1984 and, at that time, was informed that the debtor's bankruptcy was final and the obligation to Maddox had been discharged. After consultation with counsel in late 1987, Maddox initiated an action in state court to enforce his rights relating to the debtor's obligation.

## ISSUE PRESENTED

The issue presented by Maddox's motion is whether the debtor is barred from reopening his case to include and discharge his obligation to Maddox by his failure to give timely actual notice to Maddox of the pendency of the bankruptcy case within the period during which Maddox could have filed a proof of claim or otherwise pursued or protected his rights under the Bankruptcy Code.

## CONCLUSIONS OF LAW

Disposition of this issue is governed by the provisions of 11 U.S.C. §§ 350(b) and 523(a)(3)(A), by case law in this circuit and by the dimensions of the discretionary equitable powers of the Court.

The general reopening statute, section 350(b), provides only that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Where reopening is sought for the purpose of adding a previously omitted obligation, the Court's considerations are whether such reopening would afford any relief to the debtor. That determination, in turn, depends upon whether the obligation sought to be added would be included in the debtor's previously issued discharge.

Inclusion of an omitted obligation within the scope of a discharge is governed by section 523(a)(3)(A) of the Bankruptcy Code which states that:

"an individual is not discharged from a debt which is ...

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing;

Case law enunciating the standard for reopening a case to give relief to a debtor for failure to list or otherwise timely notify a creditor of a pending bankruptcy case has been set forth in this circuit in *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985). *Rosinski* requires a debtor, as a prerequisite for relief by reopening, to establish that failure to list the previously omitted obligation was not fraudulent, intentional, or reckless. The proposed reopening also must not otherwise deprive the creditor sought to be added of "remedies available under the Bankruptcy Code." *Rosinski*, 759 F.2d at 539, 541–542. The position taken by the Court of Appeals is

that once the requisite showing has been made, the policy of protecting the debtor's fresh start favors the reopening unless an analysis of the actual effect of that action indicates prejudice to the creditor other than the discharge of an otherwise dischargeable obligation.

Consistent with the *Rosinski* requirement, this Court finds that the debtor's omission of his obligation to Maddox was not willful, reckless or part of a fraudulent scheme. In fact, the evidence indicates that the debtor intended to have Maddox included on his bankruptcy schedules and thought Maddox had been so included. It was the debtor's attorney who inadvertently omitted Maddox's name. That attorney's actual notice to Maddox, either just prior to or just after the bankruptcy filing, further demonstrates any lack of intent to exclude Maddox or conceal from him the bankruptcy filing. That the debtor executed his schedules and the amendments thereto, verifying their accuracy but failing to notice Maddox's omission, does not change that result. Therefore, the Court finds that neither the debtor nor his attorney intentionally, fraudulently, or recklessly omitted Maddox's name from the schedule of liabilities. This finding, however, does not end the inquiry.

The Court also must determine whether Maddox was deprived of remedies available under the Bankruptcy Code or was otherwise prejudiced by lack of timely actual notice of the bankruptcy filing. *Rosinski*, 759 F.2d at 541; *In re Harper*, 72 B.R. 211 (Bankr.S.D.Ohio 1987). Beyond that, the Court must decide if *Rosinski* is limited to the factual circumstance where a bar date for filing claims has not been set or is intended to relate more broadly to any case in which assets are not available for distribution to claimants.

The Court finds no evidence that Maddox was prejudiced in ways unrelated to the filing of a proof of claim by his lack of notice. In closing arguments, the attorney for Maddox implied that his client had been deprived of the right to challenge certain transfers of the debtor and that he would have made such challenges had he known

about and been able to participate in the meeting of creditors. No facts relating to any such allegations were in the record, however, and no issues of exceptions to discharge were ever raised. The debt to Maddox was merely a contractual obligation resulting from the sale of a dental practice and, other than last-minute non-evidentiary allegations, there was no indication that notice to Maddox would have changed the course of administration of this case. Accordingly, the Court finds that Maddox was not prejudiced to any significant degree by his lack of notice.

■ Maddox also alleged harm by the incurrence of attorney fees in pursuit of this motion and the related state court action. Those expenses were incurred after actual notice to Maddox of the bankruptcy and the discharge, however, and therefore, cannot bar reopening as harm or prejudice caused by omission from the schedules. After receiving actual notice, Maddox proceeded at his own risk without first determining whether his obligation was included in the scope of the debtor's discharge.

■ Accordingly, the sole issue remaining is whether passage of the bar date for the filing of claims prior to actual notice to Maddox means, pursuant to 11 U.S.C. § 523(a)(3), that relief cannot be accorded to the debtor by reopening his case. In that context the question is whether the *Rosinski* decision turns on or is limited to its factual circumstance that no bar date for filing claims had ever been set, or is premised only upon lack of actual harm to the creditor.

This Court has found that Maddox did not have actual notice of the debtor's bankruptcy case within the time period noticed to parties for the filing of a proof of claim. The Court has also found, however, that this was a no-asset case. As a procedural matter, this case was filed prior to the practice of extending indefinitely the claims bar date where initial assessment of the schedules indicates the case is likely to be a no-asset case. The issue may be whether that procedure is determinative of the debtor's rights under § 523(a)(3)(A) or whether the substance of the policies established in *Rosinski* goes beyond such procedure. Although this decision may affect primarily older cases, its implications are extensive.

The Court believes that the thrust of *Rosinski*, based upon its reliance upon *Stark v. St. Mary's Hospital (Matter of Stark)*, 717 F.2d 322 (7th Cir.1983), is that the paramount policy being advanced by *Rosinski* and *Stark* is the bankruptcy debtor's right to obtain a discharge of all prepetition obligations not otherwise excepted by statute from the effect of the discharge. Although a bar date had never been set for filing proofs of claim in *Rosinski*, this Court finds that that fact is not determinative. So long as the creditor was not prejudiced, and the debtor is able to justify the reopening and demonstrate a lack of intentional, reckless or fraudulent cause for the omission, the previously omitted creditor cannot prevent the reopening and the inclusion of his obligation. In the unlikely event the bankruptcy estate is ever reopened to administer and distribute assets to creditors who have filed proofs of claims, however, then Maddox may have some relief pursuant to 11 U.S.C. § 523(a)(3), at least to the extent of the dividend not received because of his lack of notice and opportunity to file a claim. Previous experience with no-asset Chapter 7 cases indicates such administration is unlikely where all known potential assets have been abandoned by the trustee. Should such event come to pass, however, Maddox may have recourse at that time.

In conclusion, the Court finds that Maddox has failed to establish harm or the denial of any meaningful remedies available under the Bankruptcy Code by his omission from the debtor's schedules. "... [o]nly the creditor's rights to participate in a dividend and to obtain a determination of dischargeability are of such importance that their loss mandates exception of a late scheduled debt from discharge." *Rosinski*, 759 F.2d at 542. Accordingly, because this was a no-asset case in which the previously omitted creditor failed to assert any cognizable basis for the nondischargeability of his debt or to prove any

other prejudice, the Court finds that Maddox has not been prejudiced by his previous lack of notice of the bankruptcy proceeding.

Based upon the foregoing, Maddox' motion requesting this Court to reconsider its reopening of this case should be, and the same is hereby, DENIED. The case shall remain reopened, and the debtor may add Maddox to his schedule of creditors by appropriate amendment. No trustee will be appointed at this time, but the appropriate filing fee to reopen the case is required to be paid by the debtor. This opinion also is intended to sustain the motion for an expedited decision.

IT IS SO ORDERED.