**In re Kenneth R. WILKINS and Lydia Young Sook Wilkins, Debtors.**

**Bankruptcy No. 89–00977–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 1, 1995.

torney for Sim Pyon and Kum Cha Pyon (the "Pyons"); Timothy O'Leary, attorney for Kenneth R. Wilkins and Lydia Young Sook Wilkins (the "Wilkins"). After reviewing the pleadings, evidence, receiving testimony, exhibits, arguments of counsel and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Pyons made a $55,000.00 loan to the Wilkins in May 1988 so they could repay funds to the church to which they all belong. The Pyons borrowed the money from the bank, and gave the money to the Wilkins. The Wilkins orally agreed to repay the bank note.

On March 27, 1989, the Wilkins filed for relief under Chapter 7 of the Bankruptcy Code. The case was a no-asset case. At the time of the bankruptcy filing, Kenneth Wilkins was employed by a utility company making approximately $20,000.00 a year. The attorney for the Wilkins advised them that the debt due the Pyons was unenforceable as an oral agreement and need not be listed. Consequently, the Pyons were not listed in the bankruptcy schedules as creditors but knew of the bankruptcy. The Wilkins and the Pyons were friends who saw each other on a regular basis and attended the same church.

The Wilkins were granted a discharge in July 1989, and the case was closed in October 1989. The Wilkins continued to make payments to the bank starting at $663.00 per month. The payment was later reduced to $599.00 per month. Most of the payments were made by Lydia Young Sook Wilkins who felt a moral obligation to repay the debt. She started provided cleaning services for approximately $14,000.00 a year after their bankruptcy petition was filed with the purpose of repaying the loan. The last full payment was made in August 1993. A partial payment was made in September 1993.

The Pyons filed an action in state court to collect the loan. The Wilkins' motion to dismiss the state court case was denied, resulting in the November 1994 motion to reopen

Lisa M. Connell, for Sim Pyon and Kum Cha Pyon.

Timothy O'Leary for Kenneth R. Wilkins and Lydia Young Sook Wilkins.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District, on the 8th and 23rd days of February, 1995, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the Emergency Motion by Sim Pyon and Kum Cha Pyon for Relief from the Order Granting Debtor's Motion to Reopen Case. Appearing before the Court were Lisa M. Connell, at-

the bankruptcy case. The Court granted the Motion to Reopen Case on December 21, 1994. The Order permitted the filing of an amendment to Schedule F to include the Pyons as well as Kang Ho and Ui J. Lee, and Jason D. and Paula S. Ahn, additional unlisted creditors. The Court granted the added creditors until February 9, 1995 to file a complaint to except Debtor from discharge, and to file objections to discharge.

At the hearing on the Pyons' Emergency Motion, the Court continued the matter to February 23, 1995 for final evidentiary hearing, indicating that if the Motion was denied, the time for filing a dischargeability or objection to discharge complaint would be extended. At the February 23, 1995 hearing the parties were provided the opportunity to brief this issue within ten days. Neither party availed themselves of this opportunity.

### CONCLUSIONS OF LAW

■ Rule 9024 F.R.B.P. adopts Rule 60 F.R.Civ.P. as it applies to relief from an order. Rule 60 F.R.Civ.P. permits relief from an order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; a void judgment; a judgment satisfied, released, discharged, reversed, or otherwise vacated; or any other reason justifying relief.

The Pyons allege the Wilkins' failure to notice them and the other creditors in their motion to reopen the case demonstrates the Wilkins' intentional design. As the Pyons and the other creditors have now been notified of the reopening and have had the opportunity to object and be heard, any harm caused by the lack of notice has been remedied. In determining whether the Pyons have established a basis for relief from the Order Granting Debtor's Motion to Reopen Case, the Court shall review the original basis for reopening the case.

The Bankruptcy Code provides: "A case may be reopened in the court in which such case was closed to administer assets, to ac-cord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).[1] Speaking on this issue, the Eleventh Circuit has held upon the motion to reopen, the debtor has the burden of establishing the failure to schedule the creditor was due to honest mistake and not fraud or intentional design. *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir.1986), *citing In re Stark*, 717 F.2d 322 (7th Cir.1983); *In re Rosinski*, 759 F.2d 539 (6th Cir.1985).

■ Decisions to reopen bankruptcy cases and allow amendment of schedules are within the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion. *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 541 (6th Cir.1985), (*citing In re Jones*, 490 F.2d 452 (5th Cir.1974) and *In re Lorenzen*, 21 B.R. 129, 130 (Bankr. N.D.Oh.1982)); *In re Stark*, 717 F.2d 322 (7th Cir.1983); *see also* F.R.B.P. 5010.

■ Intentional design is evidenced by a blatant disregard of a known duty, deception, lack of honesty and good faith. *In re Godley*, 62 B.R. 258, 261 (Bankr.E.D.Va.1986). After filing bankruptcy, the Wilkins voluntarily continued to pay a debt they thought was no longer owed. No lack of good faith or dishonesty is demonstrated by this act. The Wilkins were aware of the debt due the Pyons, but their failure to schedule the debt was in reliance upon advice of counsel who assured them the debt need not be listed. The Wilkins were conscientious debtors and evidenced a regard for any duties they may have by seeking advice of counsel. Their actions did not demonstrate intentional design.

This is not unlike the omission of the creditor/hospital in *Stark*, 717 F.2d 322. The debtors in *Stark* mistakingly believed the creditor/hospital would be reimbursed by insurance and waited until the hospital filed suit and obtained a judgment before filing a motion to reopen their case. *Stark*, 717 F.2d at 323. After the Wilkins received their discharge, they continued paying the debt

---

**1.** Rule 9024(1) provides that a motion to reopen under Rule 5010 is not subject to the one-year time limit that generally applies to motions for relief from an order of the court under Rule 60(b) F.R.Civ.P. Rule 5010 F.R.B.P. permits reopening of a case without appointment of a trustee if such services are not needed.

based solely on a feeling of moral obligation. The Wilkins adopted the mistaken belief of their counsel that the legal enforceability of an oral promise to repay is the measure of whether to schedule a creditor.

■ By seeking and relying on advice of counsel, the Wilkins demonstrated a good faith effort to comply with the scheduling requirements of the Bankruptcy Code, although reliance on advice of counsel may not be determinative of dischargeability of a debt.[2] The Court is satisfied it was this honest albeit misguided mistake which caused the Debtors to omit the Pyons from their bankruptcy schedules.

■ A debtor must also establish the creditor will not be prejudiced by the reopening. *Baitcher*, 781 F.2d at 1533. The fundamental focus in deciding to reopen a case is harm to the creditor rather than whether the creditor had notice of the bankruptcy. *Rosinski*, 759 F.2d at 541. As this was a no-asset case, had the debt due the Pyons been scheduled, they still would not have received any distribution. If assets are later discovered, all creditors are given an opportunity to file claims and receive dividends. The Pyons will be given the opportunity to file an objection to discharge or dischargeability if this motion is denied.

The Pyons knew of the bankruptcy and continued to receive and accept the benefits of the repayment of the bank loan by the Wilkins. The Pyons received more than they otherwise would have, if the debt is dischargeable and had been originally scheduled. They are in no worse position, if the debt had originally been scheduled and is nondischargeable.

The only potential prejudice demonstrated by the Pyons is any legal expense incurred in pursuit of the state court action. The Pyons knew of the bankruptcy. The Wilkins should not be denied the right to reopen the case while the Pyons were aware of the bankruptcy, the bank was being paid, and any harm

can be cured by the payment of reasonable attorney's fees incurred in pursuing the state court action prior to notice of being added as creditors in this proceeding. *In re Brown*, 60 B.R. 983 (Bankr.S.D.Ohio 1986); *In re Scism*, 41 B.R. 384 (Bankr.W.D.Okla.1984); *La Bate & Conti, Inc. v. Davidson (In the Matter of Davidson)*, 36 B.R. 539 (Bankr. D.N.J.1983). Beyond the payment of reasonable attorney fees, the Pyons have failed to otherwise establish a basis justifying relief from the Order.

Accordingly, the Motion for Relief from the Order Granting Debtor's Motion to Reopen Case is due to be granted upon the payment of reasonable attorney fees incurred in pursuing the state court action prior to notice of being added as creditors in this proceeding.

### ORDER

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the Motion by Sim Pyon and Kum Cha Pyon for Relief from the Order Granting Debtor's Motion to Reopen Case is **GRANTED in part** and **DENIED in part;** it is further

**ORDERED, ADJUDGED and DECREED** the Motion for Relief from the Order Granting Debtor's Motion to reopen is **GRANTED** upon the payment of reasonable attorney fees to Sim Pyon and Kum Cha Pyon incurred in pursuing the state court action prior to notice of being added as creditors in this proceeding; it is further

**ORDERED, ADJUDGED and DECREED** that Sim Pyon and Kum Cha Pyon shall have 30 days from the date of this Order to file an application for attorney fees incurred in pursuing the state court action prior to notice of being added as creditors in this proceeding; it is further

---

**2.** No action to determine dischargeability of a debt or objection to discharge has been brought. Should this motion be denied, the Pyons will be given an opportunity to file an objection to discharge or dischargeability. As to this motion, reliance on advice of counsel evidenced good

faith. However, reliance on counsel cannot always be used as a measure of good faith and may not be determinative of an objection to discharge or dischargeability. *In re Haisfield Enterprises of Florida*, 154 B.R. 803 (Bankr.S.D.Fla.1993).

ORDERED, ADJUDGED and DE-CREED that Sim Pyon, Kum Cha Pyon, Kan Ho Lee, Ui J. Lee, Jason D. Ahn, and Paula S. Ahn shall have 30 days from the entry of this Order to file a complaint to determine dischargeability or objection to discharge; and it is further

ORDERED, ADJUDGED and DE-CREED that the balance of the Motion for Relief from the Order Granting Debtor's Motion to Reopen Case is **DENIED.**