**In re James E. WELLS, Paula A. Wells, Debtors.**

**Bankruptcy No. 95–20905.**

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

March 24, 2000.

Mark W. Wegford, Alexandria, Kentucky, for Norma McDowell.

W. Ron Adams, Erlanger, Kentucky, for debtor Paula Wells.

### MEMORANDUM OPINION AND ORDER

WILLIAM S. HOWARD, Chief Judge.

This matter is submitted to the court for decision upon the motion of Paula A. Wells to reopen this case to add an omitted creditor. For the reasons set forth below, the court concludes that the Motion to Reopen should be overruled and that the debt to creditor, Norma McDowell, has been discharged.

Prior to filing bankruptcy, the debtors in this proceeding incurred an indebtedness to Fifth Third Bank which was secured by a certificate of deposit of debtor James Wells' mother, Norma McDowell, in the amount of $28,000.00. When the debtors failed to pay the indebtedness, McDowell's certificate of deposit was liquidated to apply against the indebtedness. The debtors thereby become indebted to McDowell. Thereafter, on August 18, 1995, the debtors filed this Chapter 7 proceeding. They did not list McDowell as a creditor, and while the reason therefor is not clear, there is some suggestion that the omission may have been deliberate. A trustee was appointed and filed a Trustee's Report of No Distribution indicating that the trustee had not received any property or money. That report was filed on September 20, 1995. The debtors were subsequently granted a discharge of their debts and the case was closed on March 1, 1996. Since there were no assets administered by the trustee, there was no distribution to creditors.

On December 20, 1999, debtor, Paula A. Wells, moved to reopen the case to add McDowell as a creditor. After an initial delay, that matter was heard on March 7, 2000 and the parties were directed to submit briefs on the question and the matter now stands ripe for a decision by the court.

The debtor movant points out that no ground for nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (4), or (6) is asserted by the creditor and that pursuant to *In re Madaj*, 149 F.3d 467 (6th Cir.1998), the state of mind of the debtors in failing to list the objecting creditor is irrelevant. Apparently, James and Paula are now divorced and Paula has been awarded maintenance. Paula contends that McDowell's motivation in pursuing this matter stems from her alienation from McDowell's son.

The objecting creditor, McDowell, asserts that the actions of the debtors in deliberately failing to list her as a creditor were fraudulent and the court should therefore overrule the Motion to Reopen and should not allow amendment of the schedules to list McDowell as a creditor. McDowell recites *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985) for authority that reopening should not be allowed if the failure to include the creditor in the original schedules can be shown to have prejudiced the creditor or to have been part of a scheme to defraud and done intentionally. McDowell has not asserted any ground of nondischargeability set forth in 11 U.S.C. § 523(a)(2), (4) or (6) in this proceeding.

McDowell's reliance on *In re Rosinski* is misplaced. In *Madaj*, the

facts very much resemble the facts in this case and clarify the appropriate interpretation of *Rosinski*. In *Madaj*, the debtors had moved to reopen their case to list the foster parents of debtor, Michael Madaj. The parties stipulated that had the debt been properly scheduled there would have been no claims of nondischargeability pursuant to 11 U.S.C. § 523(a). The creditors in that case, unaware of the bankruptcy proceeding and its conclusion, filed suit and obtained judgment against the debtors. The debtors then moved to reopen the case to add the omitted foster parents as creditors. The bankruptcy court concluded that, because the case was a no-asset case, the debt to the foster parents was discharged and it was not necessary to reopen the case to schedule the debt to reach this result. The court then denied the Motion to Reopen the case. On appeal, the court explained that, in no-asset cases, since no claims are required to be filed, no creditor is foreclosed from filing a claim, and unless some showing of nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (4) or (6) is made, the creditor has not been prejudiced and the debt is discharged. Where no nondischargeability is asserted under subsections (2), (4) or (6) of 11 U.S.C. § 523(a), all debts are discharged unless the debtor fails to schedule the debts in time for the creditor to file a timely proof of claim. Where no proof of claim is required, there is no prejudice to the creditor in failing to list the debt in these circumstances.

In *Madaj*, the court went on to explain, beginning on page 471, its holding in *Rosinski* as regards the state of mind of the debtor in failing to list a creditor as follows:

> The *Rosinski* Court's emphasis on the subjective mental state of the debtor in failing to list the debt has led some to cite that case for the proposition that a debtor's actions in failing to list the debt can somehow transmute an otherwise ordinary debt into a fraudulent debt of the type covered in § 523(a)(2), (4) or

(6). *Rosinski* does not stand for such a proposition. A debt is either fraudulent or not depending on the debtor's actions and intent in incurring the debt in the first instance. An otherwise innocently incurred debt (say, a loan from one's foster parents) does not suddenly become a fraudulently incurred debt when the debtor fails to list it. The case at hand serves as an excellent example. The Creditors conceded in the bankruptcy proceeding that the loan at issue here is not a fraudulently incurred debt. [Footnote omitted] When the Creditors lent the money to the Debtors, both parties expected it to be repaid. Before they repaid the loan, however, the Debtors filed for bankruptcy. Even if, as we shall assume for the sake of argument, the Debtors purposely failed to list the debt in an attempt to defraud the Creditors, this action did not (and could not) work some perverse alchemy to change the innocent loan into a fraudulent debt of the type that is covered by § 523(a)(2), (4) or (6) and therefore excepted from discharge pursuant to § 523(a)(3)(B). If the debt is to be excepted from discharge, it can only be excepted according to § 523(a)(3)(A). If the bankruptcy estate had any assets (*i.e.*, if this were not a no-asset case) and if the Debtors' failure to list the debt had deprived the Creditors of their ability to timely file a proof of claim, then § 523(a)(3)(A) would, indeed, except the debt from discharge. To the extent that *Rosinski* has been interpreted to demand a different result, it has been dangerously misinterpreted.

In the case before us, it is undisputed that the debt at issue, *had it been timely filed*, would not have been included in any category of debts that are excepted from discharge by § 523. It is undisputed that the Debtors' bankruptcy was a no-asset Chapter 7 case. In order to determine whether the bankruptcy court erred in denying the Debtors' motion to reopen their Chapter 7 case to amend the schedule of debts and in holding that

the debt at issue here was nevertheless discharged, we must answer one question: when an otherwise dischargeable debt is omitted from the schedule in a Chapter 7 no-asset case and the debtor receives a discharge, what is the effect of reopening the case to permit the debtor to schedule the omitted debt?

The answer is "there is no effect." The reason that the reopening has no effect is clear. A debtor cannot change the nature of the debt by failing to list it in his petition and schedules. Section 523(a)(3)(A) excepts from discharge only those debts as to which a timely proof of claim cannot be filed because the debts were not listed *and* the creditor had neither notice nor actual knowledge of the bankruptcy in time to file a timely a proof of claim. In a no-asset Chapter 7 case, there is no date by which a proof of claim must be filed in order to be "timely." Whenever the creditor receives notice or acquires actual knowledge of the bankruptcy, he may file a proof of claim, that claim will be timely, and the fact that the debts were not listed becomes irrelevant. Section 523(a)(3)(A) simply provides no basis for excepting an unlisted debt from discharge if the creditor has actual knowledge such that he can file a proof of claim. And once the § 727 order of discharge is entered, all of the debtor's prepetition debts are either discharged or they are not discharged; nothing the debtor does after the entry of the order of discharge can change the character of those debts.

In accordance with the above, since there has not been a claim of nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (4) or (6), the court concludes that the discharge entered in the within proceeding discharged the debtors from their obligations to McDowell, and that it is not necessary to reopen this case and schedule McDowell's debt to accomplish that result.

IT IS THEREFORE ORDERED AS FOLLOWS:

1) That the Motion to Reopen the within proceeding filed by debtor, Paula A. Wells, be, and the same hereby is, OVERRULED.

2) That the indebtedness of the debtors herein to Norma McDowell was discharged in this proceeding by this court's Order of February 8, 1996 as appears of record herein.