**In re Michael C. SOULT, D.M.D., Debtor.**

**No. C2–88–0693.**

United States District Court, S.D. Ohio, E.D.

March 16, 1989.

Mark S. Coco, Columbus, Ohio, for creditor-appellant.

George L. Henry, Columbus, Ohio, for debtor-appellee.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. Appellant Maddox appeals from the May 23, 1988 opinion and order of the Bankruptcy Court granting the motion of the debtor, Michael C. Soult D.M.D., to reopen his bankruptcy case to permit him to list the appellant as a creditor. 88 B.R. 801. The debtor initiated his bankruptcy proceeding on February 24, 1983, but failed to list an obligation to Maddox in either his original schedule of debts or two subsequent amendments thereto. Although Maddox's name appeared on the mailing matrix submitted with the petition, it was deleted by the Clerk's Office to conform the mailing matrix to the official schedules.

The notice issued by the Bankruptcy Court specified deadlines for the filing of complaints to the discharge or to except obligations from discharge pursuant to 11 U.S.C. § 523(c) and required creditors to file proofs of claim within six months. Subsequently the debtor was granted a discharge on May 10, 1983. On September 29, 1987, the trustee filed his final report indicating that no assets were available for distribution and shortly thereafter the case was closed as a no asset case.

On February 29, 1988, the debtor filed a motion to reopen his case to permit him to add Maddox as an unsecured creditor. After a hearing, the Bankruptcy Court found that the debtor had provided his counsel with a list of obligations which included the debt to Maddox, but that his attorney's staff inadvertently omitted this obligation when it prepared the schedules listing liabilities. Although there was some evidence that the debtor's counsel contacted Maddox either before or shortly after the bankruptcy petition was filed, the evidence was not sufficient to permit a finding that such notice post dated the bankruptcy filing and the Bankruptcy Court specifically found that the debtor had not established notice to Maddox within the claims or dischargeability period.

In ruling on the debtor's motion to reopen, the Bankruptcy Court relied on *In re Rosinski*, 759 F.2d 539 (6th Cir.1985). Under *In re Rosinski*, a debtor is entitled to amend his schedule unless his failure to include the creditor on the original schedule is shown to have prejudiced the creditor in some way or to have been a part of a scheme of fraud or intentional design by the debtor. As the court noted, *Id.* at 541:

> Thus the key inquiry is whether Ms. Rosinski's failure to include Willard Boyd on the original schedule of assets and liabilities has deprived him of remedies available under the Bankruptcy Code or whether there was evidence that the exclusion was fraudulent or intentional.

Based on the evidence in the present case, the Bankruptcy Court found that the debtor's omission of his obligation to Maddox was not willful, reckless, or part of a fraudulent scheme. The Bankruptcy Court concluded that the debtor intended to have Maddox included on his bankruptcy schedules and thought he had been so included. The error occurred through inadvertence on the part of his lawyer. The Bankruptcy Court's finding on this issue is a finding of fact which should not be set aside by this Court unless clearly erroneous. Based on the record, this Court agrees with Judge Sellers' determination. At most, the debtor was negligent in failing to note the omission of Maddox from the list of creditors. Judge Sellers' finding that this omission was not willful, reckless, or part of a fraudulent scheme is well supported by the evidence and is not clearly erroneous.

The Bankruptcy Court further found that Maddox was not prejudiced by his lack of notice and that while in final argument, his counsel implied that he had been de-

prived of the right to challenge certain transfers of the debtor, no facts supporting such allegation were offered and no issues of exceptions to discharge were ever raised. The Bankruptcy Court further found that attorney's fees incurred by Maddox in pursuit of the motion and in a related state court action were incurred after actual notice of the bankruptcy and the discharge and did not constitute prejudice to the creditor which would bar the debtor's motion to reopen. In making these determinations, the Bankruptcy Court was called upon to decide whether or not the rule of *In re Rosinski* is limited to its factual circumstances and applies only to cases in which no bar dates have been set, or whether it has broader application and applies to any case in which the exclusion of the debtor was not intentional, fraudulent or reckless and an amendment would not prejudice the creditor.

■ Maddox argues on appeal that *In re Rosinski* should be limited to its specific facts, namely, a no-asset bankruptcy in which no bar dates were set. In the present case, bar dates were set and expired long before Maddox received notice of the bankruptcy. Maddox argues, therefore, that *In re Rosinski* does not apply and that under the literal wording of 11 U.S.C. § 523(a)(3) his debt was not discharged and cannot now be discharged since he did not have notice or actual knowledge of the bankruptcy prior to the bar date for filing a proof of claim. This argument seems to beg the question since the issue before the Court is not discharge but amendment of the schedule. If the schedule is amended, then that statutory requirement is satisfied, and if in the process of permitting amendment, the court extends the time for filing a proof of claim, then the notice requirements of the statute are also satisfied. This in effect is the result of the application of the rule of *In re Rosinski* to this case. The schedule is amended, and in the event any assets should later be discovered, Maddox is accorded the right to file a proof of claim. Furthermore, the creditor's right to contest dischargeability is also preserved. *See In re Daniels*, 51 B.R. 142 (Bkrtcy.S.D.Ohio,

1985) and *In re Brown*, 60 B.R. 983 (Bkrtcy.S.D.Ohio, 1986) in which a creditor in this situation was given a reasonable time to file a dischargeability complaint. In *In re Rosinski*, 759 F.2d at 542, the Sixth Circuit said:

> Under the Code, only the creditors' rights to participate in a dividend and to obtain a determination of dischargeability are of such importance that their lost mandates exception of a late scheduled debt from discharge.

The Bankruptcy Court specifically held that in the event the bankruptcy estate is ever reopened to administer and distribute assets to creditors, then Maddox will have a right to relief pursuant to 11 U.S.C. § 523(a)(3). Judge Sellers also examined the evidence to determine whether Maddox had any facts which would support a dischargeability complaint and found that he had none.

This Court endorses and adopts the following comments from Judge Sellers' opinion and order of May 23, 1988:

> The Court believes that the thrust of *Rosinski*, based upon its reliance upon *Stark v. St. Mary's Hospital (Matter of Stark)*, 717 F.2d 322 (7th Cir.1983), is that the paramount policy being advanced by *Rosinski* and *Stark* is the bankruptcy debtor's right to obtain a discharge of all pre-petition obligations not otherwise excepted by statute from the effect of the discharge. Although a bar date had never been set for filing proofs of claim in *Rosinski*, this Court finds that that fact is not determinative. So long as the creditor was not prejudiced, and the debtor is able to justify the reopening and demonstrate a lack of intentional, reckless or fraudulent cause for the omission, the previously omitted creditor cannot prevent the reopening and the inclusion of his obligation.

As Judge Sellers noted, the Sixth Circuit's decision in *Rosinski* was derived from the Seventh Circuit's decision in *Matter of Stark*, 717 F.2d 322 (7th Cir.1983). This Court notes that the Eleventh Circuit has likewise followed *Matter of Stark* in

*Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir.1986):

> We accept, as the Seventh circuit does, that under the new law the old prophylactic rule does not in a no-asset case any more deny a discharge to one who has failed to schedule for reasons of honest mistake, not "fraud or intentional design."

The appellant relies heavily on *In re Laczko*, 37 B.R. 676 (9th Cir.BAP, 1984) *aff'd*, 772 F.2d 912 (9th Cir.1985). In *In re Laczko*, the decision of the Ninth Circuit Bankruptcy Appellate Panel was affirmed without opinion by the United States Court of Appeals for the Ninth Circuit. The opinion of the Bankruptcy Appellate Panel indicates its choice of a more conservative rule relating to amendments. That court expressed its disappointment that Congress did not specifically overrule the exceptional circumstances rule of *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964) (a rule very similar to that announced in *Matter of Stark* and *In re Rosinski* ) and chose instead to follow the more conservative view expressed in *Milando v. Perrone*, 157 F.2d 1002 (2d Cir.1946). The reasoning and authorities relied upon by the Ninth Circuit are not consistent with the rule adopted by the Sixth, Seventh and Eleventh Circuits. This Court, of course, is bound to follow the controlling decisions of the Sixth Circuit and under the facts of this case, this Court reaches the same conclusion as that reached by the Bankruptcy Court, namely, that this case is governed by the rule of *In re Rosinski*. Accordingly, the Court hereby affirms the judgment of the Bankruptcy Court.

It is so ORDERED.