In re Richard F. MEILE, Jr., Debtor.

Bankruptcy No. BK 82–30358.

United States Bankruptcy Court,
S.D. Illinois.

Jan. 20, 1984.

Donald Urban, Belleville, Ill., for debtor.

Mark R. Osland, Belleville, Ill., for St. Paul Fire & Marine Ins. Co.

### ORDER ALLOWING DEBTOR'S PETITION TO REOPEN BANKRUPTCY ESTATE

J.D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to a petition to reopen bankruptcy estate and to amend debtor's petition filed on behalf of the above-named debtor, by his attorney, Donald W. Urban, and a motion to dismiss and objection to debtor's petition to reopen bankruptcy estate, filed on behalf of St. Paul Fire & Marine Insurance Company (St. Paul), by its attorney, Mark R. Osland, the Court, after reviewing the briefs submitted by counsel and researching the law, states the facts as stipulated by the parties and makes the following ruling of law:

1. During 1980, the debtor, Richard F. Meile, Jr., operated a business known as Meile's Sports Store, Inc. As part of that business, Meile's Sports Store, Inc. offered hunting and fishing licenses for sale to the public.

2. Some time during the latter half of 1980, the assets and inventory of Meile's Sports Store, Inc. were seized by Banker's Trust Company of Belleville, Illinois, effectively halting all operations of the sports store. Along with the inventory seized were unused hunting and fishing licenses. At the time of the seizure, the debtor believes that only a few such licenses had been sold, leaving the rest unused.

3. On June 11, 1982, the debtor, Richard F. Meile, Jr. filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois. The debtor received a discharge under the provisions of the Bankruptcy Code on September 7, 1982.

4. On November 22, 1982, St. Paul filed suit against debtor Richard F. Meile, Jr. in the Circuit Court of St. Clair County, Illinois, which is still pending. In that action, St. Paul seeks indemnification pursuant to a bond for $3,070.00 allegedly paid to the Illinois Department of Conservation due to failure of the principal, Meile's Sports Store, Inc., to pay the state all money becoming due by reason of the sale of hunting and fishing licenses. It is further alleged that the debtor is personally liable by reason of an indemnity agreement signed by the debtor in his individual capacity.

5. St. Paul was not listed in the debtor's bankruptcy schedules as a creditor and had no notice, actual or constructive, of the filing of the voluntary petition by the debtor.

6. During the pendency of the debtor's bankruptcy, the debtor believed that Banker's Trust Company, while administering the assets of the corporation, Meile's Sports Store, Inc., had turned over to the Illinois Department of Conservation all unused hunting and fishing licenses thereby reducing any claim against him to a nominal amount and avoiding the necessity of the state to make demand upon the surety, St. Paul.

Debtor seeks to have his bankruptcy case reopened in order to amend his Schedule A–3 to include St. Paul and have a corresponding debt of $3,070.00 discharged. The case was closed on November 24, 1982, upon the Court's order approving Trustee's combined inventory, report of exempt property, application to abandon real and personal property, and report of no assets. The facts, as stipulated by the parties, indicate that debtor omitted St. Paul because of a misunderstanding as to the existence of the debt.

Section 350(b) of the Bankruptcy Code states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." On its face, § 350(b) appears to address facts of the instant case, i.e., where a debtor requests that a case be reopened to add a creditor and discharge the corresponding debt. Section 523(a)(3)(A) of the Bankruptcy Code cuts against this position, however, by denying a debtor the discharge of debts that were neither listed nor scheduled in time to permit a creditor to file a timely proof of claim unless the creditor had sufficient knowledge of the case to file a timely proof of claim. To crystalize the issues, the Court must decide whether the failure to schedule or list a creditor, and the reopening of the case to add that creditor are mutually exclusive.

Recent case law handed down by the United States Court of Appeals for the Seventh Circuit states that a debtor may reopen a case to add a creditor in a no-asset case. In *Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322 (June 1983), the court held that "[i]n a no-asset bankruptcy where notice has been given pursuant to Rule 203(b) [now Bankruptcy Rule 2002(e)], a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design." There is ample authority upholding a creditor's right to file a timely proof of claim. Nevertheless, the Seventh Circuit ruled as a matter of law that a debtor's right to reopen his case to obtain a discharge of a debt is paramount under the Bankruptcy Code. Furthermore, in a no-asset case such as the instant one, the creditor retains the right to file a proof of claim in the event assets are discovered that are available for distribution, thus preventing any prejudice to the creditor.

The instant case is indistinguishable from *Stark v. St. Mary's Hospital,* and, therefore, the relief requested must be granted accordingly. The Court has found no evidence of any "fraud or intentional design" on the part of debtor in omitting St. Paul from the lists and schedules that would preclude the reopening of this case. The Court is aware of the fact that St. Paul has incurred legal expenses in pursuing the matter at bar. There is no evidence, however, that it has been harmed or prejudiced to such an extent that the reopening of the case would not be warranted. Balancing the equities, the time and expense incurred by St. Paul does not militate against reopening debtor's case. Under § 350(b), debtor has a right to have the case reopened to add the omitted creditor.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the debtor's case be, and the same hereby is, reopened for the purpose of amending his petition to include St. Paul Fire & Marine Insurance Company as a creditor.