**In the Matter of John Robert PANTONE, Debtor.**

**Bankruptcy No. 3–82–03566.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 23, 1986.

David M. Farmer, Dayton, Ohio, for plaintiff.

Thomas J. Grady, Springfield, Ohio, for debtor/defendant.

Paul D. Malina, Springfield, Ohio, Ch. 7 Trustee.

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the application of John Robert Pantone, debtor, to reopen Bankruptcy Case No. 3–82–03566 for the purpose of adding his former spouse, Patricia A. LaGrasta fka Patricia A. Pantone, as a creditor, and upon the objection of Patricia A. LaGrasta to the debtor's application.

In addition to the testimony offered at the hearing on the debtor's application, the following stipulated facts were agreed:

On December 28, 1982, the Debtor, John Robert Pantone, filed a Chapter 7 Bankruptcy action in the United States Bankruptcy Court for the Southern District of Ohio. Said case was assigned Case No. 3–82–03566.

The above noted Chapter 7 bankruptcy action requested relief from debts including one owing to City Loan & Savings Company. The City Loan & Savings debt arose as a result of a loan transaction which occurred on March 6, 1981. A copy of the original City Loan papers evidencing said debt are attached hereto and incorporated herein as Exhibit "A". The original loan was taken out by the Debtor/Defendant and the Plaintiff dur-

ing the time of their original marriage. The transaction consisted of a total amount financed of $9,168.05, secured by a 1981 Ford automobile and household goods.

Prior to the filing of the above noted petition, and on or about November 30, 1981, the Plaintiff and Defendant were granted a Dissolution of Marriage by the Common Pleas Court of Stark County, Ohio. Pursuant to the terms of said Dissolution the Debtor/Defendant, John Robert Pantone, was to receive the 1981 Ford automobile, and all of the property listed as security for the City Loan debt, with the exception of a loveseat, two single beds, and two lamps. The Debtor/Defendant, was also required pursuant to the terms of the above noted Dissolution of Marriage, to pay and hold the Plaintiff, Patricia A. Pantone, harmless from any and all obligations owing to City Loan. A copy of the parties Decree of Dissolution is attached hereto and made a part hereof as Exhibit "B".

Subsequent to the dissolution of marriage, and prior to filing of this action, the Debtor/Defendant, John Robert Pantone, became delinquent in payments to City Loan & Savings. City Loan & Savings repossessed the 1981 Ford automobile, and sold said automobile at auction in an attempt to satisfy some of the outstanding debt then owing. After sale of the automobile, a deficiency existed in the amount of $5,834.06. No action was taken by City Loan against the household goods also secured by the Debtor/Defendant's note, due to the institution by the Debtor of the present Chapter 7 proceedings.

Within the process of filing his Chapter 7 bankruptcy action, the Debtor/Defendant did institute a lien avoidance proceeding to cancel the non-possessory, non-purchase money security interest held by City Loan & Savings in the household goods. Said lien avoidance was granted by this Court as part of the original Chapter 7 bankruptcy proceedings.

Subsequent to the Debtor/Defendant's discharge of obligations to City Loan & Savings in the instant bankruptcy action, City Loan & Savings instituted actions against Patricia A. Pantone, aka Patricia A. LaGrasta, as and for her obligations as a co-signer on the original obligation to City Loan. As set forth in the Debtor/Defendant's application to re-open this bankruptcy case, there is no dispute that the Plaintiff/Creditor, Patricia A. LaGrasta fka Patricia A. Pantone, was not named as a creditor in the original bankruptcy proceeding and had no knowledge of said proceeding until January, 1984.

The Plaintiff, Patricia A. LaGrasta fka Patricia A. Pantone, joined the Debtor/Defendant in the action instituted against her by City Loan & Savings in Canton Municipal Court, Case No. 84–CVF–869. The Plaintiff maintained in said action that the Debtor/Defendant was obligated to her under the provisions of the original Decree of Dissolution, and under the common law doctrine of contribution, for part of the outstanding debt that was still owing to City Loan & Savings. In December of 1984 this matter was tried before Canton Municipal Court, and the Court awarded judgment to City Loan against Patricia A. LaGrasta; and also awarded a judgment to Patricia A. LaGrasta against John Robert Pantone as and for the outstanding amounts owing to City Loan & Savings.

Subsequently, this matter was appealed to the Stark County Fifth Appellate District, and on or about June 3, 1985, said Appeals Court affirmed the decision of the Canton Municipal Court.

As the records of this Court reflect on December 31, 1984, the parties hereto agreed to a stay of any execution of the Plaintiff's judgment against the Debtor/Defendant until such time as the outstanding issues presented in this case are determined by this Court.

The above factual account is hereby submitted to this Court as stipulated facts which both parties request that the Court admit into evidence in its consider-

ation of the legal issues presented in this matter. In addition to the stipulated facts as presented by this entry, the parties will also submit additional oral testimony to the Court as to matters on which the parties have not reached a stipulation.

## CONCLUSIONS OF LAW

■ Present law in this court's circuit is that a debtor "may be prevented from amending her schedule only if her failure to include the creditor on the original schedule can be shown to have prejudiced him in some way or to have been part of a scheme of fraud or intentional design." *In re Rosinski*, 759 F.2d 539, 541 (6th Cir. 1985).

Of critical importance to the instant proceeding is the court's observation in *Rosinski* that "[t]hough amendments to schedules are generally to be granted liberally, [the debtor] *must advance some justification for the reopening sufficient to show that she did not intentionally or recklessly avoid listing the debt.*" *Id.* at 542. [Emphasis Supplied]

■ Courts have found various explanations concerning the omission of creditors to be satisfactory reasons for permitting the reopening of cases to add creditors: *See, e.g., Matter of Stark*, 717 F.2d 322 (7th Cir.1983)(debtors' mistaken belief that insurance carrier would pay debt); *In re Meile*, 36 B.R. 719 (Bankr.S.D.Ill. 1984)(debtor's misunderstanding of existence of debt); *In re Hood*, 44 B.R. 775 (Bankr.N.D.Ala.1984) (No cause for debtor to know of any claim by the creditor when bankruptcy petition filed). But in the proceeding before this court, the debtor offered no explanation whatsoever for his failure to include his former spouse as a creditor. Although his bankruptcy schedules reveal that he was jointly liable with Patricia Pantone on a debt to the City Loan & Savings, the debtor did not include Patricia Pantone as a creditor. Because of the debtor's lack of testimony regarding his reason for the omission of his former spouse as a creditor, the debtor has failed to advance any justification for reopening sufficient to show that he did not intentionally or recklessly avoid listing the debt. In accordance with *Rosinski* the debtor's application must be denied. To hold otherwise would require speculation regarding the debtor's actions, and we decline to so speculate. "[D]ebtors are not necessarily entitled to reopen a case whenever it will benefit them; they must establish at least some justification for the reopening." *Matter of Davidson*, 36 B.R. 539, 543 (Bankr.N.J.1983).

For the foregoing reasons it is hereby ORDERED that the application of the debtor to reopen his bankruptcy case is DENIED.