**In re Robert A. EGGLESTON and Paulette M. Eggleston, Debtors.**

**Bankruptcy No. 2-88-05855.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 5, 1991.

Abe Bahgat, Daniel K. Friend, Columbus, Ohio, for debtors.

Arthur G. Wesner, Columbus, Ohio, for Andy Estates Development Corp.

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER ON MOTION TO REOPEN CASE

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court upon the Motion to Reopen Case filed by Robert A. and Paulette M. Eggleston, debtors in this closed Chapter 7 case. The Motion is opposed by a creditor, Andy Estates Development Corporation ("Andy Estates"). An evidentiary hearing was held on April 29, 1991, following which the Court took this matter under advisement.

The Court is vested with jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(1) and (2)(A).

### II. *Findings of Fact*

1. On April 4, 1988, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code.

2. The debtors' statement of financial affairs discloses the repossession by Len Immke Buick, Inc. of a 1986 Buick automobile (the "Buick"). The debtors' schedules do not list Len Immke Buick, Inc. as a creditor in the bankruptcy case.

3. The debtors leased the Buick from Immke Circle Leasing, Inc.—apparently an affiliate of Len Immke Buick, Inc.—which, after repossessing it, assigned the lease to Andy Estates. The debtors did not list Immke Circle Leasing, Inc. or Andy Estates as creditors in their schedules because of the debtors' belief that "the repossession constituted full satisfaction of any obligations they owed under the auto lease." Motion to Reopen at 2. The debtors believed that the automobile had a value at repossession roughly equal to their remaining obligations under the lease; thus, they believed that the Buick's liquidated value would satisfy all obligations under the lease.

4. Because Andy Estates was not listed as a creditor, it did not receive any of the

notices or orders mailed in this case by the Bankruptcy Clerk to parties-in-interest.

5. The Order for Meeting of Creditors, Combined with Notice Thereof and Automatic Stay, entered by the Court and mailed to scheduled creditors on November 23, 1988, contained the following language:

Special Notice It appears from the schedules of the debtor that there are no assets from which any dividend can be paid to creditors. It is unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate. If subsequently it appears that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims.

6. Andy Estates, as "owner of all accounts receivables [sic] and assets of Immke Circle Leasing, Inc.," commenced a civil action against the debtors in the Municipal Court, Franklin County, Ohio, on April 11, 1989, to recover the sum of $5,503 as damages under the lease agreement. Creditor's Exh. A. Under the terms of the lease agreement between Immke Circle Leasing, Inc. and the debtors, executed on April 21, 1986, the debtors were obligated to pay the lessor $351.45 per month for a term of forty-eight months. Andy Estates, as assignee of Immke's interest under the lease, seeks to recover $4,003, representing twenty-six unpaid monthly installments, and an additional $1,500 in various "out-of-pocket" costs, including attorney's fees.

7. On December 27, 1988, the Chapter 7 trustee filed a final report, stating that there were no assets available for distribution to creditors.

8. A discharge was issued to the debtor on April 20, 1989. This case was closed by the Bankruptcy Clerk on April 21, 1989.

9. In or about September 1990, Andy Estates obtained a default judgment against the debtors on its civil complaint in Municipal Court, and thereafter instituted wage-garnishment proceedings against Robert Eggleston.

10. On March 5, 1991, the debtors filed the instant motion, requesting the Court's issuance of an order reopening this case to add Andy Estates and B.J. Glavan, M.D. as creditors. Andy Estates has opposed the Motion.

III. *Conclusions of Law*

Section 350(b) of the Bankruptcy Code permits the reopening of closed cases and provides as follows:

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

The allowance of a request to reopen a bankruptcy case for the amendment of schedules rests within the sound discretion of the court, and will not be set aside absent an abuse of discretion. *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540–41 (6th Cir.1985).

In, *Rosinski*, the Sixth Circuit Court of Appeals stated, with respect to a request to reopen a closed case, that:

a debtor may be prevented from amending her schedule only if her failure to include a creditor on the original schedule can be shown to have prejudiced ... [the creditor] in some way or to have been part of a scheme of fraud or intentional design.

*In re Rosinski*, 759 F.2d at 541. The court continued by noting that the "key inquiry is whether [the debtor's] failure to include [the omitted creditor] on the original schedule of assets and liabilities has deprived [that creditor] of remedies available under the Bankruptcy Code or whether there was evidence that the exclusion was fraudulent or intentional." *Id.; see also Stark v. St. Mary's Hospital (In the Matter of Stark)*, 717 F.2d 322 (7th Cir.1983).

In *Soult v. Maddox (In re Soult)*, 894 F.2d 815 (6th Cir.1990), the Sixth Circuit reaffirmed the position established in *In re Rosinski* and permitted reopening in a "no-asset case" where no fraud was involved and the creditor was omitted through mistake or inadvertence. The court noted in *Soult* that a case may be reopened to accord relief to the debtor, or for other cause. " '[O]ther cause' can be found when the failure to schedule a debt was simply inadvertent and did not prejudice the creditor in

any way." *In re Soult,* 894 F.2d at 817 (quoting *In re Rosinski,* 759 F.2d 539 (6th Cir.1985)).

In this case, Andy Estates has not lost any meaningful right that it would have enjoyed if it had been properly listed in the debtors' schedules. Because there are no assets from which creditors could receive any dividend, Andy Estates would not have received any distribution from the bankruptcy estate even if it had received timely notice of the case and filed a proof of claim. By being added to the list of creditors now Andy Estates insures itself of not losing its right to participate in a dividend if nonexempt distributable assets are located. In the event that such assets are discovered, Andy Estates, if it files a claim, will be given an equal chance with other scheduled creditors to share in any distribution.

Moreover, there is no indication that the debtors acted willfully, recklessly, or fraudulently in failing to schedule Andy Estates, or its assignor, initially. In fact, quite the opposite is true. The uncontroverted testimony of Robert Eggleston establishes he believed that the repossession of the Buick satisfied the debtors' obligations to its lessor. Thus, the debtors sincerely believed that there was no need to include the lessor (or its assignee) on the list of creditors. The debtors' decision to exclude Immke and Andy Estates was founded, therefore, on their legitimate belief that they owed no money to the lessor under the lease agreement.

There being no prejudice offered or established by Andy Estates, the motion to reopen is hereby GRANTED so as to permit the debtors to include Andy Estates and B.J. Glavan, M.D. on their schedule of creditors.

IT IS SO ORDERED.