966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Arthur PARKER, Plaintiff-Appellee,
v.
NORTH AMERICAN INTERSTATE, INC., Defendant-Appellant.
 No. 91-2038.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, North American Interstate, Inc. ("NAI"), appeals the district court's order reversing the bankruptcy court's decision prohibiting plaintiff, Thomas Arthur Parker, from reopening his Chapter 7 bankruptcy action. For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 On or about August 5, 1983, Unicorn VIII Corporation ("Unicorn"), of which Parker was one of two shareholders and for which he served as secretary, rented five vending machines from NAI for $473.20 per month for a four-year term ("Contract"). Parker signed as "personal guarantor" of Unicorn's contractual obligation. After paying some of the rental fee, Unicorn defaulted on the Contract, leaving an outstanding unpaid lease obligation of $19,169.91.
 
 
 3
 On October 3, 1984, NAI repossessed the vending machines and notified Unicorn of its acceleration of the unpaid balance and its intention to sell the machines at the end of November, 1984. On November 28, 1984, the machines sold for $4,643.19, less costs of the sale of $739.00, leaving a deficiency of $15,573.65 on the Contract.
 
 
 4
 On June 28, 1985, Parker filed a Chapter 7 bankruptcy petition. He did not list NAI as a creditor, because he did not understand that his signature on the Contract was a personal guarantee, and he was under the impression that the repossession of the vending machines constituted a release and satisfaction of the Contract. The Detroit Legal News published notice of Parker's bankruptcy action and in October, 1985, the bankruptcy court discharged Parker's debts, concluding his bankruptcy estate as a no-asset estate.
 
 
 5
 In February, 1987, NAI instituted a state court action against Parker, alleging that: (1) Unicorn breached the Contract due to non-payment; and (2) Parker refused to honor his personal guaranty. Parker defended the action based on his 1985 bankruptcy discharge. On February 26, 1990, the state court granted NAI's summary judgment motion.
 
 
 6
 Parker then attempted to reopen the matter in bankruptcy court. On January 14, 1991, the bankruptcy court denied the motion to reopen, explaining:
 
 
 7
 [I]f the motion to amend had been filed when the debtor was notified of the litigation, then in all likelihood that motion would have been granted and that litigation in the state court would have come to an end and [NAI] would not have spent ... all of the time and effort ... in pursuing that litigation.... [T]he Court concludes that there was substantial prejudice, which cannot now be cured....
 
 
 8
 The district court rejected the bankruptcy court's holding and concluded that litigation expense is not a type of prejudice sufficient to deny reopening of a Chapter 7 bankruptcy action.
 
 II.
 
 9
 Section 350(b) of the Bankruptcy Code allows for the reopening of a closed bankruptcy case "in the court in which such a case was closed to administer assets, to accord relief to the debtor, or for other cause." The decision to reopen a bankruptcy case for an amendment of schedules rest within the sound discretion of the court and will be set aside only for an abuse of discretion. In re Rosinski, 759 F.2d 539, 540-41 (6th Cir.1985). A debtor is precluded from amending his bankruptcy schedule only if his failure to include a creditor on the original schedule can be shown to have prejudiced the creditor or was part of a scheme of fraudulent, intentional or reckless design. Id. at 541. Rosinski specified two examples of this type of prejudice including a creditor's loss of the: (1) right to participate in a dividend; and (2) opportunity to obtain a dischargeability determination. Id. at 542; see In re Zablocki, 36 B.R. 779, 783 (Bankr.D.Conn.1984); In re Pantone, 56 B.R. 541, 542 (Bankr.S.D.Ohio 1986). Applying Rosinski, NAI did not suffer a type of prejudice which would support the denial of Parker's motion to reopen.
 
 
 10
 First, section 350(b)'s "other cause" can be found when the failure to list a creditor was simply inadvertent or a mistake that did not prejudice the creditor in any way, as allowing amendments to the debtor's schedule after the bar date's expiration. In re Soult, 894 F.2d 815, 817 (6th Cir.1990). In October, 1984, when NAI repossessed the vending machines, Parker was given notice of the acceleration of the balance and NAI's intention to sell the machines. However, NAI did not file the state action until 1987, almost two years after: (1) Parker filed his June, 1985, bankruptcy petition; (2) the July, 1985 publication of this fact; and (3) the October, 1985, entry of the discharge order. There is no indication that Parker acted willfully or recklessly in failing to list NAI in his bankruptcy schedule.
 
 
 11
 Second, NAI has not shown the loss of "any meaningful right" by Parker's failure to list it on the bankruptcy schedule. Id. Because Parker's estate was ruled "no-asset," NAI was not entitled to any dividends or other distributions. In addition, allowing Parker to amend his schedule will preserve NAI's right to participate in any future dividend, if distributable assets are located. See In re Eggleston, 128 B.R. 744, 745 (Bankr.S.D.Ohio 1991).
 
 
 12
 For the foregoing reasons, we conclude that the expense of state litigation does not constitute sufficient prejudice to prohibit reopening Parker's bankruptcy case. In making this ruling, we do not condone the delay by Parker in returning to the bankruptcy court after judgment was entered against him. He should have gone back to the bankruptcy court as soon as he was sued by NAI. However, his failure to do so does not amount to prejudice under law. Accordingly, we AFFIRM the district court's decision.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation