# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3041
_____

In re: Jackie Brooks,

           Debtor.

------------------------------

Jackie Brooks,

           Appellant,

    v.

American General Finance, Inc.,

           Appellee,

Peter Lumaghi,

           Trustee.

*  Appeal from the United States
*  District Court for the Eastern
*  District of Missouri.

_____

Submitted: February 7, 2003
Filed: March 24, 2003
_____

Before BYE, FAGG, and RILEY, Circuit Judges.
_____

RILEY, Circuit Judge.

Jackie Brooks (Brooks) appeals the district court's orders affirming the bankruptcy court's grant of relief from automatic stay, and denying disqualification

and a rehearing. We remand this matter for factual findings and clarification, while retaining jurisdiction over the appeal.

## I. BACKGROUND

In August 1994, Brooks and his wife, Mary, signed a note to American General Finance (AGF) for $68,750.84, securing it with a second mortgage on a residence occupied by Brooks's brother. The note represented a principal amount of $23,697.34 plus 18% interest for fifteen years (amounting to $45,053.50). After Brooks ceased making payments, AGF sued in March 1995 and received a state court default judgment for $24,303.28 in principal, plus fees and costs, for a total of $24,953.28. The judgment contained dashes next to the line titled "interest." Brooks filed for Chapter 13 bankruptcy shortly thereafter, and between July 1995 and December 1999, the bankruptcy trustee made $21,370.72 in payments to AGF. The bankruptcy case was dismissed on Brooks's motion, and a "Trustee's Final Report and Account" indicated that AGF had been paid $21,370.72 in principal, and no balance was due. The trustee's report also stated the case had been fully administered, and requested entry of a discharge order. Thereafter, AGF twice sought to foreclose on the property, with Brooks filing bankruptcy each time and halting the sale. This appeal arises out of AGF's second foreclosure attempt.

On March 16, 2001, AGF mailed its notice of intent to conduct a foreclosure sale on April 12. After Brooks filed for Chapter 13 bankruptcy, AGF agreed to postpone the sale until April 19, and moved for relief from the automatic stay. At an April 17 relief-from-stay hearing, the parties agreed to postpone the sale and to continue the hearing until May 14, conditioned upon Brooks signing a consent form before the scheduled time for the sale. However, the consent form AGF presented to Brooks to sign required Mary's signature as well. When AGF refused to remove Mary's name, Brooks refused to sign the form. On April 19, AGF's counsel appeared *ex parte* before the bankruptcy court to report that Brooks had not signed the consent

form.  The court gave AGF permission to proceed with the sale, and AGF bought the property for $30,000 later that day.

Brooks moved for a rehearing or to set aside the grant of relief from the stay, arguing the foreclosure had been obtained by deceit.  The court set aside the foreclosure sale, even though it ultimately concluded AGF's conduct was a mistake.  The court also granted AGF's renewed motion for relief from the stay and its motion to ratify the sale.  During the hearing on the motions, Brooks argued the trustee's final report reflected all of the plan payments had gone toward principal, contending AGF was not entitled to recover interest under either the default judgment or the Chapter 13 confirmation plan.  AGF countered that Brooks still owed a substantial sum because the default judgment had accrued interest at the contract rate, and the payments Brooks's trustee had made in the bankruptcy proceeding had gone primarily to interest.  The court agreed with AGF, concluding that a "substantial balance" of $29,946.00 remained due because of  "relentless interest."  Further, because no payments had been made for eighteen months, the court found cause to lift the stay.  Brooks appealed to the district court, which affirmed.  This appeal followed.

## II.    DISCUSSION

Brooks raises numerous arguments on appeal.  A number of these arguments clearly lack merit, and we reject them *seriatim* as follows:  (1) Brooks received adequate written notice of the foreclosure sale under Mo. Rev. Stat. § 443.325 (2000); in any case, he has not shown prejudice from any such lack of notice; (2) the bankruptcy court cured any error in conducting the April 19, 2001, *ex parte* hearing–including any due process violation, cf. In re Banks, 299 F.3d 296, 302 (4th Cir. 2002) (due process generally entitles party to notice specified by Bankruptcy Code)–by reversing its earlier decision and requiring AGF to move anew for relief from the stay, see In re Wieseler, 934 F.2d 965, 968 (8th Cir. 1991) (even if bankruptcy court erred in failing to hold hearing on motion to lift the stay, court cured error by holding hearing on reconsideration motion); (3) Brooks presented no

evidence to support his argument that the district court was biased, or that the court's summary rulings on his motions violated due process or were otherwise erroneous, see Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp., 986 F.2d 1208, 1212 (8th Cir. 1993); (4) Brooks did not object to the admission of the transcript of the *ex parte* April 19 hearing in his appeal to the district court, and, in any case, the transcript is part of the record an appellate court may review, cf. Fed. R. App. P. 10(a); (5) the April 19 order granting relief from the stay stated, "Movant is entitled to . . . foreclose . . . and . . . is specifically allowed to conduct its foreclosure sale of said property on . . . April 19, 2001 at 12:00 Noon;" thus, no ten-day stay was in effect, see Fed. R. Bankr. P. 4001(a)(3) (order granting relief from stay is stayed for 10 days, unless court orders otherwise); and (6) no basis exists for challenging the bankruptcy court's jurisdiction, see generally 28 U.S.C. §§ 157(b), 1334.

The issues of the debt and interest on the debt are not easily resolved. The bankruptcy court concluded AGF's judgment accrued interest at the contract rate during Brooks's 1995 bankruptcy. The district court affirmed based on Mo. Rev. Stat. § 408.040.1 (interest shall be allowed on judgment from day of rendering until satisfaction; judgments upon contracts bearing more than 9% interest shall bear same interest borne by such contracts). However, bankruptcy law governs the issue. See Bursch v. Beardsley & Piper, 971 F.2d 108, 114 (8th Cir. 1992) (federal law determines creditor's rights after filing of bankruptcy petition). Bankruptcy law generally does not provide for collection of interest accruing after the filing of a bankruptcy petition. See 11 U.S.C. § 502(b)(2) (court may not allow claim for unmatured interest); see, e.g., In re Hanna, 872 F.2d 829, 831 (8th Cir. 1989) (post petition interest is disallowed against estate under section 502). The Bankruptcy Code does allow collection of interest or its functional equivalent under certain circumstances, see, e.g., 11 U.S.C. §§ 506(b), 1325 (2000); In re Milham, 141 F.3d 420, 423-24 (2d Cir. 1998), but we cannot determine from the record before us whether these provisions were applied by the bankruptcy court or the district court.

-4-

On appeal, AGF maintains Brooks's 1995 Chapter 13 plan provided for long-term payments under 11 U.S.C. § 1322(b)(5), and, thus, Brooks agreed to pay interest at the contract rate and the debt was excepted from discharge. See 11 U.S.C. § 1328(a)(1). AGF further asserts Brooks did not complete his payments or receive a discharge, and the interest in the property thus revested in AGF as a creditor under 11 U.S.C. § 349(b)(3). Yet Brooks has repeatedly claimed he paid AGF in full and received a discharge. The trustee's final report supports Brooks's claim of full payment. The courts below did not conduct specific fact finding on whether Brooks still owed a debt to AGF when it foreclosed on the subject property, and, if so, how much, and under what legal authority.

Even assuming the debt was not paid in full or discharged and AGF was entitled to collect interest on its judgment, it is not clear what rate of interest would apply. See, e.g., In re Milham, 141 F.3d at 423-24 (under section 1325, plan must provide for payment of present value of allowed secured claim; present value is achieved by payment of interest calculated according to a formula); 11 U.S.C. § 1322(e) (calculation of amount necessary to cure default); In re Cabrera, 99 F.3d 684, 685 (5th Cir. 1996) (recognizing Bankruptcy Act of 1994 amended section 1322, but only for agreements entered into after October 22, 1994).

## III. CONCLUSION

Accordingly, we retain jurisdiction over this appeal, but remand for findings to determine (1) whether Brooks paid AGF in full, or in part, and received a discharge, as the trustee indicated in the final report; and (2) if Brooks was still indebted to AGF, what rate of interest, if any, applied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.