# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6050EA

_____

| | | |
|---|---|---|
| In re: Johnny F. Harris | * | |
| | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Johnny F. Harris, | * | Appeal from the United States |
| | * | Bankruptcy Court for |
| Plaintiffs-Appellant | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| The Boyd G. Montgomery | * | |
| Testamentary Trust, | * | |
| | * | |
| | * | |
| Movant-Appellee | * | |
| | * | |

_____

Submitted: February 6, 2006
Filed: February 15, 2006

_____

Before SCHERMER, VENTERS, and McDONALD, Bankruptcy Judges

_____

McDONALD, Bankruptcy Judge.

-1-

Johnny Harris ("Debtor") appeals the bankruptcy court's[1] order granting the motion of the Boyd G. Montgomery Trust (the "Trust") to terminate the automatic stay. We affirm for the reasons set forth below.

I.

Debtor leased non-residential real property from the Trust. The Trust terminated the lease effective May 31, 2005. Debtor, however, failed to vacate the premises.

Debtor filed his petition for relief under Chapter 13 of the Code on June 23, 2005. Debtor was still in possession of the premises on the petition date. The Trust filed a motion on August 4, 2005 for relief from the stay so that it could enforce its state law right to remove Debtor from the premises. The bankruptcy court set the Trust's motion for relief from the stay for hearing on September 1, 2005.

The United States Trustee then filed a motion to dismiss Debtor's case. The Chapter 13 trustee and a creditor also filed objections to the confirmation of Debtor's proposed Chapter 13 plan (collectively the "Plan Objections"). The Court set these three matters for hearing on August 15, 2005. Debtor and his attorney appeared at the August 15, 2005 hearing.

The bankruptcy court announced at the August 15, 2005 hearing that three motions were on the docket for that day: the United States Trustee's motion to dismiss and the two Plan Objections. None of those matters involved the Trust. Debtor's attorney (the "Attorney") then announced that he had just been retained and requested a continuance until September on these matter. The bankruptcy court granted the

_____

[1] The Honorable Audrey R. Evans, United States Bankruptcy Judge for the Eastern District of Arkansas

-2-

Attorney's request to continue the motion to dismiss and the Plan Objections until September. The bankruptcy court then asked the Attorney if he would prefer the first or the fifteenth, and the attorney responded he would be unavailable on the first. The bankruptcy court, therefore, continued the motion to dismiss and the Plan Objections to September 15.

Neither the bankruptcy court nor the Attorney mentioned continuing the Trust's motion to terminate the stay from the September 1, 2005 hearing date. Also, although the Attorney appeared at the August 15 hearing, he did not enter his appearance on behalf of Debtor until September 13, 2005.

The bankruptcy court held the hearing on the Trust's motion to terminate the stay on September 1, 2005. The bankruptcy court noted on the record at the hearing that Debtor had notice of the hearing but was not present. The Trust's attorney also noted on the record that Debtor knew of the motion because his client and Debtor had spoken about the matter. The bankruptcy judge then observed that she had reviewed the record and would grant the Trust's motion. The court then entered a written order granting the Trust's motion on September 8, 2005. This appeal followed.

II.

This Court will review the bankruptcy court's factual findings for clear error and conclusions of law de novo. Bankr. R. 8013; In re Marlar, 432 F.3d 813, 814 (8th Cir. 2005). Because the bankruptcy court made a finding on the record that Debtor received adequate notice of the hearing, the Court will review that finding under the clearly erroneous standard. See Rosinski v. Boyd (In re Rosinski), 759 F.2d 539, 541 (6th Cir. 1985). Thus, we will affirm the bankruptcy court's determination that Debtor received adequate notice of the hearing unless, after reviewing the record, we

are left with a definite and firm conviction that the bankruptcy court erred. <u>In re Broken Bow Ranch, Inc.</u>, 33 F.3d 1005, 1010 (8th Cir. 1994).

III.

Debtor advances two points on appeal. Debtor first argues that he did not receive adequate notice of the hearing on the Trust's motion to terminate the stay. A debtor is entitled to notice and an opportunity to be heard on a motion to terminate the automatic stay. 11 U.S.C. § 362(d)(2); Banrk. R. 9014(a). The notice must be reasonable given the circumstances of the particular case. 11 U.S.C. § 102(1)(A). This analysis, consistent with the due process clause of the Fifth Amendment, must focus upon whether the notice is reasonably calculated to apprise the parties of the pendency of the action and an opportunity to be heard. <u>In re Hairpoulous</u>, 118 F.3d 1240, 1244-45 (8th Cir. 1997). This analysis is objective and must center upon whether the notice would have apprised a reasonable person of the pendency of the action. <u>See</u> <u>Gretchen's of Minneapolis v. Highland House, Inc. (In re Interco)</u>, 186 F.3d 1032, 1034 (8th Cir. 1999). Here, a review of the record unequivocally establishes that Debtor received reasonable notice of the hearing.

First, the bankruptcy court's certificate of service notifying the parties that it had set the hearing on September 1, 2005 includes Debtor. Also, at the hearing itself, the Trust's counsel indicated to the bankruptcy court that his client had discussed the motion to terminate the stay with Debtor. This record certainly indicates that Debtor had notice of the September 1 hearing date.

Debtor additionally argues that the bankruptcy court failed to provide him with sufficient notice because the court continued the three motions set for hearing on August 15 to September 15. Debtor maintains that he and his attorney believed that the bankruptcy court continued all pending motions, including the Trust's motion to terminate the stay, when it continued the three other motions to September 15. A

-4-

review of the record, however, does not leave us with a firm and definite conviction that a reasonable person would have concluded that the bankruptcy court continued the hearing on the Trust's motion to September 15.

The bankruptcy court's certificate of service with respect to the August 15, 2005 hearing docket listed the three matters that it would hear that day: (1) the United States Trustee's motion to dismiss; (2) the Chapter 13 Trustee's objection to Debtor's proposed Chapter 13 Plan; and (3) creditor Stagecoach Self Storage's objection to Debtor's proposed Chapter 13 Plan. Additionally, at the August 15 hearing itself, the bankruptcy court specifically identified these three motions as the matters it would hear that day. Neither the bankruptcy court nor Debtor's attorney even mentioned the Trust's motion to terminate the stay at the August 15 hearing. Thus, despite Debtor's subjective belief to the contrary, an objective review of the record supports the bankruptcy court's finding that Debtor had reasonable notice of the hearing on the Trust's motion as required by 11 U.S.C. § 102(1)(A).

Debtor also asserts that the bankruptcy court deprived him of his Fifth Amendment procedural due process rights by conducting the hearing in his absence. As discussed above, the bankruptcy court did provide reasonable notice to the Debtor of the hearing on the Trust's motion in a manner consistent with 11 U.S.C. § 102(1)(A). And due process only requires that a party receive notice in a manner consistent with the requirements of the Bankruptcy Code. Brooks v. Am. Gen. Finance, Inc., 323 F.3d 675, 677-78 (8th Cir. 2003) (citing In re Banks, 299 F.3d 296, 302 (4th Cir. 2002)). Thus, the bankruptcy court did not deprive Debtor of his procedural due process rights by conducting the hearing in his absence.

Debtor's second point on appeal is that the Trust violated the automatic stay. Debtor bases this argument on the Trust's counsel's statement to the bankruptcy court at the hearing that "[m]y client has talked with Mr. Harris about the proceeding that

he's (the trustee) filed against him and Mr. Harris is upset about it". Debtor maintains that this statement constitutes an admission that the Trust violated the automatic stay.

Even assuming *arguendo* that the Trust's attorney's statement somehow constitutes an admission that the Trust violated the automatic stay, Debtor never presented this argument to the bankruptcy court. This Court will not review issues that the appellant failed to raise below unless it is strictly a legal issue and manifest injustice would result otherwise. Stalnaker v. DLC, Ltd. (In re DLC, Ltd.), 376 F.3d 819, 824 (8th Cir. 2004). Here, Debtor's argument that the Trust violated the automatic stay is not strictly a legal issue and our refusal to review it does not result in manifest injustice. We, therefore, will not review this issue.

## IV.

In conclusion, we are not left with a definite and firm conviction after reviewing the record that the bankruptcy court failed to provide Debtor with reasonable notice of the hearing on the Trust's motion to terminate the stay. Thus, the bankruptcy court's finding that Debtor had reasonable notice of the hearing on the Trust's motion is not clearly erroneous. Debtor also failed to present his argument that the Trust violated the automatic stay to the bankruptcy court. Thus, we will not review that claim for the first time on appeal. Accordingly, the judgment of the bankruptcy court is affirmed.

_____